[No. 1,008.]

## G. W. G. FERRIS, APPELLANT, *v.* THE CARSON WATER COMPANY, RESPONDENT.

CONTRACT—DAMAGES FOR BREACH OF—PRIVITY—PROPERTY DESTROYED BY FIRE.—The owner of property which is destroyed by fire, can not maintain an action to recover damages from a water company, on the ground that the property was destroyed by the failure of the water company to furnish a supply of water as required by the terms of its contract with the town, there being no privity of contract between the parties to the action.

IDEM—INTEREST IN PROPERTY MUST BE CERTAIN AND SUBSTANTIAL.—The owner of property destroyed by fire, upon assignment, sought to recover damages upon the ground that the municipality had such an interest in the property as to give it a right of action: *Held*, that the right of taxation vested in the municipality did not create an interest in the property but only an expectation dependent upon contingencies, and that this was too remote to be the foundation of a right of action.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts appear in the opinion.

*N. Söderberg*, for Appellant:

I. Defendant is estopped by the contract from denying the interest of the city in the property, or its authority to make the contract. Having made and ratified the contract and taken the benefits which it confers, defendant must also bear the obligations which it imposes. (Herman on Estoppels, secs. 467–471, 473, 474; *Stevenson* v. *Newnham*, 13 C. B. 302; *Atkinson* v. *Newcastle and G. W. Co.*, 6 Ex.

(Law Rep.) 404; *People* v. *Common Council of Utica*, 65 Barb. 9, 21; *Argenti* v. *San Francisco*, 16 Cal. 255.)

II. The city had an insurable interest in the property. It had a reasonable expectation of gain in the shape of taxes to be derived from the property which was destroyed. (3 Kent's Com., 3d ed., 275-278; May on Insurance, secs. 76, 102, 109; Bliss on Life Ins. 35-37; *State* v. *Rhoades*, 7 Nev. 434; *Morrell* v. *Trenton Mut. Life and Fire Ins. Co.*, 10 Cush. 282.)

III. By the contract between the city and defendant the latter insured the property against loss by fires caused by its own failure to furnish water, or by its misconduct in preventing water from flowing to the hydrants. (*Atkinson* v. *N. & G. W. Co.*, *supra.*)

IV. The measure of the city's damages is the value of the property destroyed through defendant's negligence. (*Richmond* v. *Dubuque & S. C. R. R. Co.*, 26 Iowa, 191; *Philadelphia, Wilmington etc. R. R. Co.* v. *Howard*, 13 How. 308, 326, 343, 344; *Hoy* v. *Gronoble*, 34 Pa. St. 9; *Hendricks* v. *Stewart*, 1 Tenn. 476; *Rodgers* v. *Mechanics' Ins. Co.*, 1 Story, 603; *Lawson* v. *Price*, 45 Md. 123; Sedg. on Dam. 106, (104), 112 (109), 115 (112), 116.)

V. Defendant's negligence was the natural and proximate cause of the injury. (3 Parsons on Contracts, 179; *Milwaukee etc. R. R. Co.* v. *Kellogg*, 94 U. S. 469.)

VI. The city's demand was assignable. (Burrill on Assignment, sec. 100, and cases cited.)

VII. The city was competent and authorized to act as the agent of its inhabitants. (Story on Agency (1874), sec. 7; *People* v. *Com. Council of Utica*, 65 Barb. 21.)

VIII. A third party may maintain an action on a contract made with another for his benefit. (1 Parsons on Contracts, 466 *et seq.*; 3 U. S. Dig. 524, sec. 2444; *Alcalde* v. *Morales*, 3 Nev. 132; *Bristow et al.* v. *Lane et al.*, 21 Ill. 194.)

IX. Defendant owed a duty to the community and to plaintiff, to use reasonable care and diligence not to frustrate means in use to extinguish an existing fire. (Wharton on Negligence, 98; *Mott* v. *Hudson R. R. Co.*, 8 Bosw. 355.)

*R. M. Clarke*, for Respondent:

I. Neither the city nor appellant has an action against respondent for the value of premises destroyed. The city had no interest in the property destroyed as owner, nor had it any present interest of any kind. The mere right of future taxation can not lay the foundation to support a present demand of the kind in question.

II. The appellant had no action in his own right for respondent's failure to fulfill its contract with the city. He was not a party to that contract. He did not stand in privity with the city, and can not sue respondent upon a contract in which he had no legal interest. (*Davis v. Clinton Water Works Co.*, 54 Iowa, 59; *Kahl* v. *Love*, 37 N. J. L. 5; *Atkinson* v. *Newcastle etc. Water Co.*, L. R., 2 Ex. Div. 441; *Nickerson* v. *Bridgeport Hydraulic Co.*, 46 Conn. 24; *Vrooman* v. *Turner*, 69 N. Y. 280; Wharton on Negligence, secs. 438, 440; Sher. & Redf. on Neg., sec. 54.)

By the Court, BELKNAP, J.:

The complaint in this case contains two counts, to each of which the defendant demurred generally. The demurrer was sustained by the district court, and the case comes before us upon an exception to this ruling. In one count it is alleged that the defendant entered into a contract with the town of Carson City, a municipal corporation, on behalf of and for the benefit of its inhabitants, to supply it with water for the extinguishment of fires. That for this purpose fire plugs were established at various places in the town, and, among other places, at a point within a convenient distance of plaintiff's building. That a fire occurred in premises adjoining plaintiff's, and by reason of the failure of defendant to keep the pipes connecting with the fire plugs charged with water under sufficient pressure, as was its duty under the contract, the fire communicated to plaintiff's building and destroyed it. That in consideration of the contract and of moneys paid thereunder by the town of Carson City to defendant, it became liable

unto plaintiff for the damages arising from the neglect above mentioned.

The question presented by this count is whether, upon a breach of contract between the municipality and the water company, the plaintiff, whose property was destroyed through the failure of defendant to perform its obligation, has a right of action for damages.

It will be observed that plaintiff is not a party to the contract. It is a general rule of law that a stranger to a contract can not claim its benefits in an action upon it. An exception to the rule exists in favor of persons for whose benefit a contract has been made, and it is urged in support of the declaration that as this contract was made for the benefit of plaintiff and the other taxpayers and residents of the town, the case falls within the exception.

But a third person, not a party to a contract and for whose benefit it may have been made, does not in all cases have a right of action upon it. To entitle him thereto, there must be some privity between him and the promisee, and some obligation or duty owing from the latter to him, which would give him a legal or equitable claim to the benefit of the promisee or an equivalent from him personally. "A legal obligation or duty owing from the promisee to him" (the person for whose benefit the contract is made) "will so connect him with the transaction as to be a substitute for any privity with the promisor, or the consideration with the promisee, the obligation of the promisee furnishing an evidence of the interest of the latter to benefit him, and creating a privity by substitution with the promisor." (*Vrooman* v. *Turner*, 69 N. Y. 284.)

Other exceptions doubtless exist, but the plaintiff's case is within none of them.

The board of trustees of the town, in the exercise of a discretionary power conferred upon them by the legislature, contracted for a supply of water for the extinguishment of fires. The plaintiff, in common with the other residents of the town, enjoyed the advantages of this contract. He had an indirect interest in the performance of the contract by the water company, as had all of the property-holders of

the town, but such an interest is not sufficient to constitute the privity, either directly or by substitution, which must exist in order to give him a right of action upon the contract. (*Davis* v. *Clinton Water Works,* 54 Iowa, 59; *Nickerson* v. *Bridgeport Hydraulic Co.,* 46 Conn. 24.)

The other count sets forth, in addition to the matter above stated, that prior to the destruction of the plaintiff's premises he had been accustomed to pay, and but for defendant's negligence aforesaid would have continued to have paid, a large amount of money annually for taxes to the town of Carson City. That by reason of the failure of defendant to perform its obligation, the town of Carson City was damnified in the sum of one thousand dollars by diminution of its taxable property.

An assignment and ownership in plaintiff of the demand and right of action of the town against the defendant is set forth. The question presented by this count is whether the municipality had such an interest in the property destroyed as to give it a right of action against the defendant. We have not been referred to any authority supporting this declaration, and we apprehend none can be found. The cases to which we have been referred in support of the theory that the town had such an interest in the property as would entitle it to recover upon this count are insurance cases, and are inapplicable to the question here presented. There is a wide difference between the interest that will entitle a party to recover in an action for a tort and an insurable interest.

"An insurable interest," said the supreme court of Iowa, in *Warren* v. *The Davenport Fire Insurance Co.,* 31 Iowa, 468, "is *sui generis,* and peculiar in its texture and operation. It sometimes exists where there is not any present property, or *jus in re,* or *jus ad rem.* Yet such a connection must be established between the subject-matter insured and the party in whose behalf the insurance has been effected as may be sufficient for the purpose of deducing the existence of a loss to him from the occurrence of the injury to it."

In actions of the character of the present one the interests

in the property destroyed, in order to be the basis of an action, should be certain and substantial. The right of taxation vested in the authorities of the city by the legislature did not create an interest, but rather an expectation, which was subject to have been defeated by contingencies that may have arisen, and was altogether too remote to be the foundation of a right of action.

The order and judgment of the district court are affirmed.