## BECKER v. THE KEOKUK WATERWORKS.

1. **Cities and Towns:** BREACH OF CONTRACT TO SUPPLY WATER: ACTION BY TAXPAYER. The owner of city property which is destroyed by fire through a failure of a water company to supply water according to the terms of its contract with the city, cannot maintain an action for damages against the company, even though a special fund has been raised by the city by taxation to pay for a sufficient supply of water for use in case of fires, and the plaintiff has contributed to such fund. (Compare *Davis v. Waterworks Co.*, 54 Iowa, 59.)

2. **The Same:** CONTRACT BY CITY FOR INDEMNITY OF PROPERTY-OWNER. The powers conferred upon municipal corporations are to be strictly construed (*Clark v. City of Des Moines*, 19 Iowa, 212; *McPherson v. Foster*, 43 Iowa, 57); and the law, which authorizes cities to contract for the building and operation of waterworks by individuals or companies, confers no power to contract with such individual or company to indemnify a citizen and taxpayer for damages which he may sustain by reason of a failure to furnish water as provided in the contract, so as to enable the citizen to maintain an action therefor in his own name.

*Appeal from Keokuk Superior Court.*—HON. HENRY BANK, JR., Judge.

FILED, FEBRUARY 7, 1890.

ACTION to recover damages for loss of property by fire. A demurrer to the petition was sustained; and,

plaintiff refusing to further plead, judgment was rendered in favor of defendant for costs. Plaintiff appeals.

*James H. Anderson,* for appellant.

*James C. Davis,* for appellee.

ROBINSON, J.—In the year 1877, the city of Keokuk, by means of an ordinance, entered into an agreement with defendant for a supply of water. The ordinance specified the capacity of the waterworks which should be operated by defendant, and provided that it should at all times, day and night, be prepared to perform certain duties imposed by the ordinance, and to furnish the quantity of water specified. It provided that the city should pay fixed amounts for the use of a specified number of hydrants to be furnished by defendant for the purpose of extinguishing fires, and for other use, and that the amounts to be so paid should be raised by means of a special tax to be levied upon the taxable property within the limits of the city which would receive benefit and protection from the waterworks. Section 18 of the ordinance is as follows : "That in laying down the pipes and conduits necessary to supply the city with water it is hereby expressly provided that no authority is conferred by the council to interfere with the rights and privileges heretofore granted to the Keokuk Gaslight and Coke Company, and to railroads and other public corporations holding under the city ; and it is expressly provided that said waterworks, in laying its mains and pipes, and in enjoying the privileges herein granted, shall not in any manner disturb or displace any of the permanent monuments of the said city at street crossings, and in other places. This grant to the water-works company being conferred with the expressed conditions that said company shall be liable for all injury to persons or property caused by the negligence, mismanagement or fault of itself or its employes, while engaged in the construction or operation of said works; and, should the city be sued

therefor, they shall be notified of such suit, and thereupon it shall be the duty of said company to defend or settle the same, and, should judgment go against the city, in such case they shall recover the amount, with costs, from the company, and the record of the judgment against the city shall be conclusive evidence in the cause to enable the city to recover in any suit therein against the company."

The plaintiff was a property-owner and taxpayer of the city of Keokuk at the time of the fire in controversy, and had paid special taxes levied upon his property pursuant to the terms of the ordinance, which were used, as therein provided, for the payment of defendant. While the contract with defendant was in force, property belonging to plaintiff situate within the limits of the city to be benefited and protected by the waterworks was destroyed by fire. The fire department of the city was at the fire in time to have extinguished it, but the supply of water failed through the fault of defendant, and in violation of its agreement; in consequence of which the property of plaintiff was burned. He seeks to recover its value of defendant.

I. The demurrer contains several grounds, only one of which, however, is so fully set out as to require examination. That is, in substance, that the petition fails to show a privity of contract between plaintiff and defendant. The chief question raised by the demurrer was considered in *Davis v. Waterworks Co.*, 54 Iowa, 59, and decided adversely to the claim now made by plaintiff. But he contends that this case differs from that in several material particulars. In this case a special fund was raised by the city to pay for a sufficient supply of water for use in case of fires, and to that fund plaintiff contributed. It is said that in making the contract, and in levying and collecting the taxes required by its provisions, the city acted as a mere agent. We do not think the fact that the city levies and collects a tax to be paid to defendant creates any privity of interest

1. CITIES and towns: breach of contract to supply water: action by taxpayer:

between defendant and the taxpayers. In making the contract, the city discharged one of the duties for which it was created; and in raising the required money it only provided the consideration due from it by virtue of the contract. It will hardly be claimed that defendant could proceed against a taxpayer, in the first instance, for any unpaid money due under the contract from the city.

II. It is said that section 18 of the ordinance expressly provides that defendant shall be liable for all injury to persons or property caused by the negligence or mismanagement of defendants or its employes, and that this action is authorized by section 2552 of the Code. It was decided in *Vanhorn v. City of Des Moines*, 63 Iowa, 448, that the city was not liable for the failure of the waterworks company to furnish the water required by its contract to extinguish fires, even though the city had taken a contract from the company to protect it from liability which might arise for malfeasance or neglect on the part of the company. It was further held that the city could not assume a liability for negligence where none was imposed by law, and that the contract of indemnity must be regarded as having reference to existing grounds of liability, and not as creating new ones. Much stress is placed by appellant upon that part of section 18 which provides "that said company shall be liable for all injury to persons or property caused by the negligence, mismanagement or fault of itself or its employes, while engaged in the construction or operation of said works." Municipal corporations have and can exercise only such powers as are expressly granted to them by law, and such incidental ones as are necessary to make those powers available, and are essential to effectuate the purposes of the corporation; and those powers are strictly construed. *Clark v. City of Des Moines*, 19 Iowa, 212; *McPherson v. Foster*, 43 Iowa, 57. The law which authorizes cities to contract with individuals and companies for the building and operating of waterworks

*2. The same: contract by city for indemnity of property-owner.*

confers no powers upon a city to make a contract of indemnity for the individual benefit of a taxpayer, for a breach of which he could maintain an action in his own name. In view of the law applicable to such cases, the provision of section 18, relied upon by appellant, considered in connection with the entire ordinance, must be construed to refer to injuries for which the city would have been liable if caused by negligence, mismanagement or fault on its part. The judgment of the superior court is AFFIRMED.