Britton vs. The Green Bay and Fort Howard Water Works Co.

BRITTON, Appellant, vs. THE GREEN BAY AND FORT HOWARD WATER WORKS COMPANY, Respondent.

*November 24, 1891 — January 12, 1892.*

*Water company: Insufficient supply of water: Liability to individuals for losses by fire.*

A municipal ordinance granted to a water works company franchises to use the streets and alleys for placing its mains, hydrants, etc., and to charge and collect rates for furnishing the inhabitants of the city with water for private use. It required the company " to supply said city and the inhabitants thereof with water for public and private uses, for public and private consumption, and for putting out fires." *Held*, that the acceptance of this ordinance by the company established no contract relation between the company and private individuals as to the furnishing of water for putting out fires, and that a failure to supply a sufficient quantity of water for that purpose did not render the company liable to individuals for losses occasioned thereby.

APPEAL from the Circuit Court for *Brown* County.

Action to recover damages for the destruction of plaintiff's property by fire, alleged to have been caused by the failure of the defendant to supply the fire hydrants in the vicinity of said property with water for fire service. The plaintiff appeals from an order denying a motion to strike out and overrule a general demurrer to the complaint.

For the appellant there were briefs by *Greene & Vroman*, and oral argument by *Geo. G. Greene*. 1. One who owes a duty to the public is liable to any individual specially injured by its nonperformance. *Willy v. Mulledy*, 78 N. Y. 310; *Hayes v. M. C. R. Co.* 111 U. S. 228; *Raynsford v. Phelps*, 43 Mich. 342; *Hover v. Barkhoof*, 44 N. Y. 113; *Metallic Comp. C. Co. v. Fitchburg R. Co.* 109 Mass. 277; *Nowell v. Wright*, 3 Allen, 166; *Amy v. The Supervisors*, 11 Wall. 136; *Bennett v. Whitney*, 94 N. Y. 302; *Adsit v. Brady*, 4 Hill, 630; *Henly v. Mayor*, 5 Bing. 91; *Bott v. Pratt*, 33 Minn. 323; *McCall v. Chamberlain*, 13 Wis. 637; *Schmidt v. M. & St. P. R. Co.* 23 id. 186; *Ransom v. C., St. P., M. & O. R. Co.* 62 id. 178; *Robinson v. Rohr*, 73 id. 436. 1 Thomp. Neg. 418, 506, 558; 2 id. 904, 1232; *Atkinson v. N. & G. W. Co.* L. R. 6 Exch. 404. 2. This is so whether the duty is created by statute or common law, as in the above cases, or by contract under legislative authority. *Weet v. Brockfort*, 16 N. Y. 161, 168; *Robinson v. Chamberlain*, 34 N. Y. 389; *Fulton F. Ins. Co. v. Baldwin*, 37 N. Y. 648; *Johnson v. Belden*, 47 id. 130; *Sawyer v. Corse*, 17 Gratt. 230, 94 Am. Dec. 445; *Cent. R. & B. Co. v. Lampley*, 76 Ala. 357; *Sutton & D. v. Board of Police*, 41 Miss. 236; *Conwell v. Voorhees*, 13 Ohio, 523, 42 Am. Dec. 208; *Louisville G. Co. v. Guttenkuntz*, 82 Ky. 432; *Longridge v. Levy*, 2 Mees. & W. 519; *Winterbottom v. Wright*, 10 id. 109; *Burnett v. Lynch*, 12 Eng. C. L. 327; *Farrant v. Barnes*, 103 id. 553; *Marshall v. York R. Co.* 73 id. 655; Whart. Neg. sec. 296; 2 Thomp. Neg. 906; Moak's note 21 Eng. Rep. 549; *Paducah Lumber Co. v. Paducah Water Supply Co.* 89 Ky. 340; *Duncan v. Owensboro Water Co.* 12 S. W. Rep. (Ky.), 557. 3. If, to be within the principle, the duty must be imposed by law, it is so imposed by the ordinance. *Hayes v. M. C. R. Co.* 111 U. S. 228; *St. Johnsbury v. Thompson*, 59 Vt. 300; *State ex rel. Hawes v. Pierce*, 35 Wis. 98, 99; *Bott v. Pratt*, 33 Minn. 323; *Hillard v. Lowell*, 3 Allen,

407; *Presb. Church v. New York*, 5 Cow. 538. Whether created by law or contract, the action by one specially injured by its breach is technically in case. Moak's note, 21 Eng. Rep. 549; *Pippen v. Sheppard*, 11 Price, 40; *Gladwell v. Steggall*, 5 Bing. N. C. 733; Whart. Neg. secs. 435, 445. If the action is *ex contractu*, it is no objection that the plaintiff is not a nominal party to it. *Houghton v. Milburn*, 54 Wis. 554; *Kollock v. Parcher*, 52 id. 393; *McDowell v. Laev*, 35 id. 171; *Platteville v. Hooper*, 63 id. 381; *Winninghoff v. Wittig*, 64 id. 180; *Cook v. Durham*, 61 id. 15; *Bassett v. Hughes*, 43 id. 319; *Johannes v. Phenix Ins. Co.* 66 id. 50; *Paducah L. Co. v. Paducah W. S. Co.* 89 Ky. 340.

For the respondent there were briefs signed by *Arthur C. Neville, F. C. Winkler*, and *E. H. Ellis*, and the cause was argued orally by *Mr. Neville* and *Mr. Ellis*. They argued, among other things, that the ordinance creates a contract obligation only. *Nickerson v. Bridgeport H. Co.* 46 Conn. 24; *Foster v. Lookout W. Co.* 3 Lea (Tenn.), 42; *Davis v. Clinton W. W. Co.* 54 Iowa, 59; *Becker v. Keokuk Waterworks*, 79 id. 419; *Ferris v. Carson W. Co.* 16 Nev. 44; *Fowler v. Athens W. Co.* 83 Ga. 219; *Atkinson v. New Castle & G. W. Co.* 21 Eng. (Moak), 541; *Paducah L. Co. v. Paducah W. S. Co.* 89 Ky. 340; 29 Am. & Eng. Corp. Cas. 394, and note. The ordinance declares itself to be a contract. The grant of a special franchise to a corporation is a contract, which cannot be altered or modified, except the power be specially reserved. *Pratt v. Brown*, 3 Wis. 603. There is no privity of contract between plaintiff and defendant. *Vrooman v. Turner*, 69 N. Y. 280; *Nat. Bank v. Grand Lodge*, 98 U. S. 123; *Lake Ontario S. R. Co. v. Curtiss*, 80 N. Y. 219, 223; *Austin v. Seligman*, 18 Fed. Rep. 519; *Wynn's Adm'r v. Wood*, 97 Pa. St. 216; *Kimball v. Noyes*, 17 Wis. 695; *Cotterill v. Stevens*, 10 id. 422; *Putney v. Farnham*, 27 id. 187. A city is not liable for the value of property destroyed by fire, by reason of its negligence

to provide suitable engines or fire apparatus, or to provide or keep in repair public cisterns, or for the negligent conduct of engineers or firemen employed by it. Dill. Mun. Corp. (3d ed.), sec. 976; *Hayes v. Oshkosh*, 33 Wis. 314; *Schultz v. Culbertson*, 46 id. 313; *Williams v. Yorkville*, 59 id. 119, 122; *Tainter v. Worcester*, 123 Mass. 311; *Hellner v. Sedalia*, 53 Mo. 159; *Jewet v. New Haven*, 38 Conn. 368; *Patch v. Covington*, 17 B. Mon. 722; *Robinson v. Evansville*, 87 Ind. 334. The city has no power by law or ordinance to impose upon the water works company the legal duty to furnish it water for fire purposes. The grant of the franchise to it is not an exercise of the police powers. *Stein v. Bienville Water Supply Co.* 34 Fed. Rep. 145, 153; *New Orleans G. Co. v. Louisiana L. Co.* 115 U. S. 650.

ORTON, J. The demurrer to the complaint, on the ground that it did not state a cause of action, was sustained, and this appeal is from said order. The material facts stated in the complaint are substantially as follows:

The water works of the respondent company in the city of Green Bay were completed in 1887. Water mains were laid throughout the city, and 160 double-nozzled hydrants thereon were located at different points, and one of them in the vicinity of the property of the plaintiff hereinafter mentioned. The mains and hydrants were connected with two direct pressure pumping engines, as the power to furnish water for fire purposes and of sufficient capacity, and that could be used singly or together, and supplied by four first-class boilers. The property of the plaintiff in such vicinity of the mains and hydrants consisted of certain lots, on which were mills, cooper-shops, sheds, and other structures, and certain personal property therein, such as staves, heading, and other materials and things, all of great value.

In November, 1890, a fire broke out in one of said sheds, and gradually spread until all of the sheds and other prop-

erty were burned or damaged to the value and amount of $18,884.88. The fire was discovered in its incipiency, and the fire department was promptly on the ground, with all the necessary means and appliances to put it out before such damage occurred, and would have done so if the defendant company had furnished water to the mains and hydrants for such purpose, according to its agreement with the city of Green Bay, as hereinafter stated. But on account of the pumping machinery, steam-boilers, and other appliances having become defective, out of order, and insufficient, through the negligence of the defendant, or being negligently used by the defendant, there was not sufficient pressure on the mains or water in the hydrants in the vicinity of said property for such purpose, and said property was therefore burned or damaged as aforesaid. It is charged, in effect, that the defendant neglected to furnish water, through and by its works, to the city of Green Bay, so that said city could and would have put out said fire before it had damaged or destroyed the property of the plaintiff.

The provisions of the ordinance of the city, the acceptance of which constituted the contract between the defendant and the city for the construction of said water works, material to the case, are as follows: The franchises granted to the company as the consideration of the agreement to do what the ordinance requires are: *First*, " to use the streets, alleys, public sidewalks, public grounds, streams, and bridges of the city for placing and repairing the mains, hydrants, water-pipes, and other structures of the water works;" *second*, "to charge and collect *rates* for furnishing the inhabitants of said city with water for private use." Besides the construction of the water works as above, the company is required " to supply said city and the inhabitants thereof with water for public and private uses, for public and private consumption, and for putting out fires."

First, the learned counsel of the appellant contend that by the language of the ordinance the water works company entered into contract relations with the inhabitants of the city, as individuals, to supply them, or for their use and benefit, water for public use, and for public consumption, and for putting out fires. Such does not appear to be the meaning of this language. It is not that the company shall supply the city and the inhabitants thereof with water jointly and for the same purposes and uses. The city and the inhabitants are by this general language joined together, but it is followed by distributive uses and purposes appropriate to each,— to the city for public uses and consumption and for putting out fires, and to the inhabitants for private use and consumption. It will hardly be claimed that the company is to supply the individual inhabitants with water to put out fires by this peculiar language. They can, if they choose, use the water for such purpose, or to put out their own fires in their own way, but that right is given by another clause of the contract. The company shall furnish the inhabitants with water for *private* use, and may charge and collect rates therefor. If both the city and the inhabitants are given the right to water for putting out fires generally, their rights would clash; and, besides, such a right is a public one, and in no sense private. Such public use of water would be supplied to the inhabitants generally as to the public, but the above language does not require the company to supply the inhabitants with water, even in this sense. The inhabitants are mentioned only in respect to their *private* use of water. This is in accordance with the *gravamen* of the complaint, that the defendant company neglected to furnish the city water to put out the fire that consumed the plaintiff's property, and that the fire department of said city would have extinguished and prevented the spread of the fire but for the negligence and carelessness of the defendant. It is too plain for argument

that the plaintiff has no contractual relations with the defendant in respect to being supplied with water to be used in putting out this fire. One of the breaches is that the fire-hydrants were not kept supplied with water for fire service. The fire department of the city only could use the hydrants for such purpose.

It is not alleged in the complaint, any further than reciting the above language of the ordinance, that the defendant contracted with or for the plaintiff, or that it owed any duty to the plaintiff, or that the defendant had assumed any contract, legal, or moral obligation towards the plaintiff, to supply water to put out this fire or any other, and yet it is now claimed by the learned counsel of the appellant — *First*, that the defendant is liable to the plaintiff for the breach of this contract; and, *secondly*, for neglect of duty. The matter of contract being out of the question, it remains only to consider whether the defendant is liable to the plaintiff for the neglect of any duty it owed him under the facts stated in the complaint. Such duty, if it exists at all, must be merely inferential from the facts stated, and, as it is not defined or alleged in the complaint, the field of inquiry is very wide.

We will consider briefly the various grounds of the defendant's liability to the plaintiff, in view of the facts which the learned counsel of the appellant claim they have found in this wide field of inquiry.

*First.* It is said that this ordinance has the force of law, and that therefore what it requires the company to do is required by law. That would be so if the city had the power by ordinance to require the company to construct and operate these water works irrespective of any contract by which it has agreed to do it. The law or ordinance cannot compel the company to do anything except what it has contracted to do. We can find no *duty* of the company here. The company is bound only by the obligations of

the contract which it has voluntarily assumed, and they are measured by the contract.

*Second.* The company, in carrying out its contract with the city, is liable for injuries to third persons. That is so in cases where the company, in doing anything required by the contract, is brought into such relations with third persons or the public as to create a duty towards them; as if the company, in laying down the pipes or mains, should by its negligence or that of its employees allow them to fall upon and injure some third person or one of its employees, as in *Robinson v. Rohr*, 73 Wis. 436, and other cases cited under the first point of appellant's brief. This duty is very different from the obligation of the company to perform its contract. It is the common duty of every one not to injure another by his negligence, and not confined to cases of contract. Any person who undertakes to construct public works must not, by his negligence in doing it, injure others.

*Third.* By a contract with another, a person may assume a duty towards other persons. The authorities cited to this point relate to cases where, in carrying out a contract, a person assumes a special and personal duty to those for whose benefit the contract was made, as where a parish employs a physician to attend to certain dependent persons, and he injures such persons by his malpractice, he is liable to such persons, and they may bring an action against him; or as where a person is employed by the owner to drive his carriage in carrying passengers, and by his negligence a passenger is injured, he is liable to such passenger. In such cases a contracting party is placed in such relation with others as to assume a duty towards them. The physician undertakes to treat a person carefully and skilfully, and he is liable for not doing so to the patient himself, although he may have been employed by others to do so. In carrying out his contract with one he comes in contact with others, to whom he assumes a new and special liability. In

Britton vs. The Green Bay and Fort Howard Water Works Co.

such cases the person injured by the neglect has no contract relations with the physician or the driver, and their liability does not arise from the contract made with others, but from new relations with and duty towards such persons, and from a new and personal undertaking with them.

*Fourth.* The law requires the company to furnish water to put out fires, for the benefit of the inhabitants; and the plaintiff, being one, may sue the company for damages for not having done so. We have already seen that the law does not require the company to do so, any further than the law requires the company to perform its contract. We have seen, also, that the plaintiff is neither a party nor privy to the contract.

*Fifth.* Where the law requires anything to be done for the benefit of the public, any one suffering peculiar injury by the failure to do it may sue, as in the case of the law requiring a railroad company to fence its road. This is also inapplicable, because the law does not require the company to do anything outside or beyond the terms of its contract.

*Sixth.* Where two persons contract for the benefit of a third person, such third person may sue on the contract, and enforce it for his own benefit, as where A. owes B.; and B. owes C.; A. contracts with B. to pay the money directly to C.; C. may then enforce the contract, and, after he has had notice of it, A. and B. cannot rescind it. In such case the assent of C. is necessary, either by actual notice or by suit. It will be seen that the whole matter is that of contract between A., B., and C. Here the company has not promised or contracted to perform the obligations of its contract to the plaintiff, or any other one except the city, the other contracting party.

The learned counsel of the appellant have in this way searched for principles on which this action would lie, and have failed to find a single one applicable to the case. The

defendant is not only not required by law to furnish water to put out fires, but has assumed no such duty to the public by its contract. It has contracted to do so, not because it was its duty to the public, but because it deemed it profitable to itself, and was willing to be thus bound by its voluntary contract.

It seems to be impossible to find any sound legal principle on which the liability of the defendant to the plaintiff can be predicated; and the learned counsel of the appellant, with all their ability, research, and ingenuity, appear to have been unable to find any. This court has held that the city itself would not be liable in such a case, even on the strength of its duty to the public. *Hayes v. Oshkosh,* 33 Wis. 314. Could the defendant have reasonably supposed that by this contract with the city it was contracting with or incurring liability to each one of its inhabitants, and that it might be sued by each one individually and separately? If one enters into a contract with another, must he look to see who else might possibly in some way be remotely interested in it and injured by its breach? There would be no end to such a liability. If one contract with a city to build, in a certain time, a bridge over a river within its boundaries of great public necessity, and he should fail to do so within the time fixed, by the same principle each one of the inhabitants who had suffered some appreciable damages in consequence of the delay might bring an action against him; and so in a great variety of similar cases. By such a liability the established law of contracts, and the measure of damages on the breach of contracts, would be unsettled and left in endless uncertainty. The parties to a contract are those who are directly interested in it, and who have assented to it, and none are bound by it except the parties and privies, and there must be mutuality. The damages for the breach of a contract must be legal, natural, immediate, proximate, and direct. Re-

mote damages are not recoverable. These are well established principles which would be violated by such a liability, and the law cast into confusion. Is it a hardship that the plaintiff cannot recover in such a case? So it is in case the city is sued for the neglect of its duty in not furnishing the necessary machinery for putting out fires. It is no greater hardship in one case than in the other. The duty of furnishing water and using it to put out fires still remains in the city. That duty has not been, if it could be, transferred to the company. The company is bound only by its contract, and liable to the city alone, as the other contracting party, on the contract. Nor does the company perform the functions of a public office so as to be liable for its negligence causing private damage.

We have attempted to reason from elementary principles that such a liability does not exist. *Paducah Lumber Co. v. Paducah Water Supply Co.* 89 Ky. 340, seems to be the only case in point in favor of such a liability. We are not satisfied with the reasons given in that case for so holding. In all other cases where the same or a similar question was involved the decision has been the other way. The following cases are against such a liability: *Davis v. Clinton Water Works Co.* 54 Iowa, 59; *Becker v. Keokuk Water Works*, 79 Iowa, 419; *Atkinson v. Newcastle Water Works Co.* 2 Exch. Div. 441, 21 Moak's Eng. R. 541; *Nickerson v. Bridgeport Hydraulic Co.* 46 Conn. 29; *Foster v. Water Co.* 3 Lea (Tenn.), 42; *Fowler v. Water Works Co.* 83 Ga. 219; *Beck v. Kittanning Water Co.* (Pa. Sup.), 11 Atl. Rep. 300; *Ferris v. Carson Water Co.* 16 Nev. 44.

It will be seen that the English and American courts are nearly unanimous in discarding this principle of liability in cases of the same class. The principle contended for by the able and learned counsel of the appellant is almost an entire stranger to our common-law jurisprudence, and has so far failed to obtain recognition except by a single Amer-

ican court.    The argument of the learned counsel in favor
of the action rests almost entirely, as we have seen, on prin-
ciples claimed to be analogous in cases well sustained by
the courts.    But they are not analogous, but distinctively
different.    This court has no disposition or tendency to in-
graft new, strange, and radical principles on the body of
our well-established law, under the false guise of progress
to meet the spirit of the age.    Principles which reason has
established and long experience has sanctioned are very apt
to be the best that legislative and judicial wisdom can de-
vise, and the safest criterion of judicial action. The learned
circuit court decided correctly that the complaint failed to
state a cause of action, based upon reasons clear and con-
clusive.

*By the Court.*— The order of the circuit court is affirmed.