JOHN J. HONE AND DAVID A. HONE

*vs.*

PRESQUE ISLE WATER COMPANY.

Aroostook.     Opinion June 9, 1908.

*Demurrer. Declaration. Insufficient Allegations. Contracts. Want of Privity. Municipal Corporations. Water Company Contracting with Municipality to Furnish Water to Extinguish Fires. Such Company not liable to Individual Property Owners for Losses Caused by Failure to Furnish Water. Revised Statutes, chapter 4, section 76.*

A demurrer only admits such facts as are well pleaded in the declaration.

A demurrer does not confess a matter of law deduced by either party from the facts pleaded.

In a declaration an allegation of duty alone is not sufficient. There must be an allegation of facts sufficient to create the duty; otherwise the declaration will be defective.

Negligence which consists merely in the breach of a contract will not afford ground for an action by one who is not a party to the contract, and not a person for whose benefit the contract was avowedly made.

A municipal corporation, in making contracts for the benefit of its citizens, acts for them collectively, and for all of them, in every act, and the relation of privity is not, and cannot be, introduced into such contracts by reason of taxpaying or the discharge of any civic duty by any individual citizen.

Although a municipal corporation maintaining a fire department, levies and collects a tax to pay a water company for water furnished under a contract between the corporation and the water company for the use of such fire

department, yet that fact does not create any privity of interest between the water company and a citizen or a resident or a taxpayer of the corporation.

Where a village corporation authorized to maintain a fire department for the extinguishment of fires within its limits, contracted with a water company to furnish water for the use of its fire department, and certain buildings situate within such limits, and owned by individuals, were destroyed by fire by reason of the failure of the water company to furnish an adequate supply of water for the extinguishment of fires, *Held:* That the water company was not liable to the individual owners of the property destroyed.

In an action on the case brought by individual owners of property situate within the limits of a village corporation and destroyed by fire, to recover damages from a public service water company for their loss on the ground that the loss resulted from the negligent failure of the water company to keep a certain hydrant in proper condition for use, the declaration contained two counts. The first count contained no averment of any express contract either directly between the water company and the plaintiffs or between the water company and the village corporation in which the individual property destroyed by fire, was situated, but simply stated as a legal conclusion from its undertaking to render service as a public water company, that it was the defendant's duty arising therefrom to maintain its hydrants at all times in a proper condition for use, while the second count contained a general allegation that the defendant water company undertook to furnish a supply of water under a contract with the village corporation and stated as a legal conclusion that it was the defendant's duty under the contract to keep its hydrants at all times in proper condition for use, but failed to specify what the stipulations of the contract were which would justify such a conclusion.

Upon demurrer to the declaration, *Held:* (1) That individual owners of property destroyed by fire cannot maintain an action on the case against a public service water company for a loss resulting from the negligent failure of the company to furnish a supply of water, either in a case where the duty of the company to furnish water arises solely from an accepted service for general fire purposes or from a general contract on the part of the water company with the municipality to furnish water for such purposes without a specification of any particular thing to be done to that end and without any stipulation respecting liability for losses by fire. (2) That the declaration was not sufficient in substance and that the action was not maintainable.

On exceptions by plaintiffs.    Overruled.

Action on the case brought by the plaintiffs against the defendant water company to recover damages for the loss of certain buildings owned by them and destroyed by fire, on the ground that the loss resulted from the negligent failure of the defendant water com-

pany to keep a certain hydrant in proper repair and condition for use. The declaration contained two counts which are as follows:

"In a plea of the case; for that the said defendant is a public service corporation, created and organized under the provisions of Chapter 3 of the Private and Special Acts of 1887 of the State of Maine, duly authorized to lay water pipes and mains in the village in said Presque Isle, and furnish water for public and private purposes in said Presque Isle, and that said defendant did under and by virtue of said special act construct a system of water works by pipes and mains under the streets in said village, and assumed and undertook the duties of a public water company, and began to furnish water for public and private uses including the furnishing of water in hydrants to be used in extinguishing fires in said village and on the fourth day of April, 1905, was and for a long time prior thereto had been furnishing water for said purposes, and especially for the extinguishment of fires for a reward paid to it by the Presque Isle Village Fire Department, and as such water company organized as aforesaid it was the duty of the defendant at all times to keep the hydrants connected with its said system of water works in proper repair and condition to be used at any such time for extinguishing fires in said village; that a long time prior to said fourth day of April, 1905, said Water Company constructed and placed in position, connected with its said mains, a certain hydrant, a part of its system, located near and in front of a building existing on the main street in said village known as Presque Isle Opera House, then and there the property of the plaintiffs, which said hydrant said defendant corporation then and there undertook and was bound to maintain and keep in proper repair and condition to be used in extinguishing fires in its vicinity, but said defendant so carelessly and negligently maintained said hydrant that the water in said hydrant on said fourth day of April, 1905, was and for a long time prior thereto had been frozen, and said hydrant thereby was and had been rendered useless; that on said April 4th, 1905, a fire broke out in the basement of said building known as the Presque Isle Opera House in said village of Presque Isle, and in the immediate vicinity of said hydrant, frozen as aforesaid, and the

plaintiffs and the Village Fire Department in said Presque Isle rely-
ing, as they had a right to do, on the said defendant keeping said
hydrant in proper repair and condition for use as aforesaid, then
and there connected their hose to said hydrant for the purpose of
obtaining water with which to extinguish said fire, but by reason of
the careless and negligent conduct of the said defendant in failing
to keep said hydrant in proper condition and repair as aforesaid,
were unable to obtain water therefrom, and were compelled to
change to other hydrants at a great distance therefrom, and after
great loss of time, during which said time and as a result of said
careless and negligent maintenance of said hydrant the said fire
became unmanageable and spread beyond the control of said Fire
Department, and entirely consumed said Presque Isle Opera House,
and therefrom spread to and entirely destroyed another building of
the plaintiffs then and there occupied by tenants of the plaintiffs,
both of said buildings being of the value of Thirty Thousand
Dollars.   And the plaintiffs aver that said loss and damage was
sustained by them solely by reason of the carelessness and negligence
and breach of duty on the part of said defendant in failing to keep
and maintain said hydrant in proper repair and condition for use.

"Also, for that the said defendant is a public service corporation,
created and organized under the provisions of chapter 3 of the
Private and Special Laws of 1887, of the State of Maine, duly
authorized to lay water pipes and mains in the village of said
Presque Isle, and to furnish water for public and private purposes
in said Presque Isle, and to contract for a supply of water for the
extinguishment of fire or other purposes for a term of years with the
town of Presque Isle, or Village Corporation, and other persons and
corporations, and that said defendant did under and by authority of
said special act, construct a system of water works and lay water
pipes and mains under the streets in said Presque Isle, and assumed
and undertook the duties of a public water company, and began
under a contract with The Presque Isle Village Fire Department, a
corporation created and organized under the provisions of chapter
575 of the Private and Special Laws of said State for the year
1885, to furnish water for public and private uses, including the

furnishing of water and hydrants to be used in extinguishing fires in said village of Presque Isle, and on said fourth day of April, 1905, was and for a long time prior thereto had been under said contract, for a valuable and sufficient consideration, furnishing water and hydrants for said purposes, and as such Water Company, under said contract, it was the duty of the said defendant at all times to keep the hydrants connected with its said system of water works in proper repair and condition to be used at any time for the extinguishment of fires in said village; that a long time prior to said fourth day of April, 1905, said Water Company constructed and placed in position, connected with its said water pipes and mains, a certain hydrant located near and in front of a building belonging to the plaintiffs, and situated on the west side of Main Street in said village, known as the Presque Isle Opera House, which said hydrant said defendant then and there undertook and was bound to keep in proper repair and condition to be used in extinguishing fires in its vicinity, but maintained said hydrant so carelessly and negligently that on said fourth day of April 1905, the water in said hydrant was and for a long time prior thereto had been frozen, and said hydrant was thereby rendered useless; that on said fourth day of April, 1905, a fire broke out in the basement of the plaintiffs' said building, known as the Presque Isle Opera House, and in the immediate vicinity of said hydrant, frozen as aforesaid, and the plaintiffs and the Fire Department of said village, relying as they had a right to do on the defendant keeping said hydrant in proper repair and condition for use as aforesaid, as the defendant had agreed and was required and bound by law to do, then and there connected their hose to said hydrant for the purpose of obtaining water with which to extinguish said fire; but by reason of the careless and negligent conduct of said defendant in failing to keep said hydrant in proper repair and condition for use as aforesaid, were unable to obtain water therefrom, and were compelled to change to other hydrants at a great distance therefrom and after great loss of time, during which said time, and as a result of said carelessness and negligence on the part of the defendant in failing to keep said hydrant in proper repair and condition to use, the said fire became unmanageable, and

spread beyond the control of the plaintiffs and of said Fire Department, and entirely destroyed said plaintiffs' said building, and therefrom spread to and entirely destroyed another building of the plaintiffs, both of which said buildings were then and there of the value of Thirty Thousand Dollars. And the plaintiffs aver that said loss and damages were sustained by them solely by reason of the carelessness and negligence and breach of duty on the part of said defendant in failing to keep and maintain said hydrant in proper repair and condition for use."

The defendant Water Company filed a general demurrer to the declaration. The demurrer was sustained by the presiding Justice and the plaintiffs excepted.

The case appears in the opinion.

*Powers & Archibald, and Louis C. Stearns,* for plaintiffs.
*Ira G. Hersey, and Charles F. Daggett,* for defendant.

SITTING: WHITEHOUSE, STROUT, SAVAGE, PEABODY, CORNISH, KING, JJ.

WHITEHOUSE, J. This is an action on the case brought by individual owners of property destroyed by fire, to recover damages for their loss against the defendant water company on the ground that it resulted from the negligent failure of the defendant to keep its hydrants in proper condition for use.

The defendant filed a general demurrer to the plaintiffs' declaration. The demurrer was sustained by the presiding Justice, and the case comes to the Law Court on exceptions to that ruling.

It is alleged in the first count in the declaration that by virtue of a special act of the legislature, the defendant company, a public service corporation, constructed a system of water works and undertook the duties of a public water company and began to furnish water for public and private uses including the furnishing of water in hydrants to be used in extinguishing fires within the limits of the village corporation in Presque Isle, known as the Presque Isle Village Fire Department; that it thereby became the duty of the defendant to keep its hydrants in proper condition for use in the extinguishment of fire in that village; that its hydrants were so

carelessly maintained that the water in the hydrant opposite the Presque Isle Opera House owned by the plaintiffs, was frozen, and the hydrant rendered useless, and that in consequence of the defendant's negligence in that behalf, the Opera House and another building owned by the plaintiffs, were entirely destroyed by fire.

In the second count it is alleged that in pursuance of a special act of the legislature the defendant constructed a system of water works in Presque Isle and under a contract with the Presque Isle Village Fire department began to furnish water for public and private uses, including the furnishing of water and hydrants to be used in extinguishing fires in the village of Presque Isle; that under its contract it was the duty of the defendant at all times to keep its hydrants in proper condition for use in extinguishing fires; that this duty was so carelessly performed by the defendant that the water in the hydrant in front of the Presque Isle Opera House, owned by the plaintiffs, was allowed to freeze and the hydrant to become useless; and that in consequence of the defendant's negligence in that behalf, the Opera House and another building owned by the plaintiffs of the total value of $30,000 were entirely destroyed by fire.

It thus appears that the first count contains no averment of any express contract either directly between the water company and the plaintiffs, or between the water company and the village corporation in which the individual property destroyed by fire, was situated, but simply states as a legal conclusion from its undertaking to render service as a public water company that it was the defendant's duty arising therefrom to maintain its hydrants at all times in a proper condition for use. The second count contains a general allegation that the defendant water company undertook to furnish a supply of water under a contract with the village corporation, and states as a legal conclusion that it was the defendant's duty under the contract to keep its hydrants at all times in proper condition for use, but fails to specify what the stipulations of the contract were which would justify such a conclusion. An allegation of duty alone, however, is not sufficient. There must be an allegation of facts sufficient to create the duty; otherwise the declaration will be defective. A demurrer only admits such facts as are well

pleaded in the declaration. It does not confess a matter of law deduced by either party from the facts pleaded. *Nickerson* v. *Bridgeport Co.*, 46 Conn. 24.

It may therefore be a matter of grave doubt whether the important question argued by counsel is properly raised by the pleadings; but inasmuch as this objection appears from the argument to have been waived by counsel the case has been considered upon the assumption that it was the duty of the water company, as between the village corporation and itself, to keep its hydrants in proper condition for use in furnishing water for the extinguishment of fires in winter as well as in summer.

This court is thus for the first time brought face to face with the question whether an individual owner of property destroyed by fire can maintain an action on the case against a public service water company for a loss resulting from the negligent failure of the company to furnish a supply of water, either in a case where the duty of the company to furnish water arises solely from an accepted service for general fire purposes or from a general contract on the part of the water company with the municipality to furnish water for such purposes without a specification of any particular thing to be done to that end and without any stipulation respecting liability for losses by fire. But the question has been decided in numerous other jurisdictions, state and federal, and it must be admitted, and it is conceded by the plaintiffs, that the overwhelming weight of authority is against the maintenance of the action. It is insisted, however, in behalf of the plaintiffs that although an action ex contractu might not be maintainable, yet the water company having received valuable franchises under its charter and compensation for the service from taxation of individual property owners in the municipality, it is bound as a matter of public duty to perform its contract, and for any negligence on its part is liable in damages to the individual sufferers, the contract serving only as a measure of the duty resting upon such a public service corporation. The plaintiffs recognize the general rule of law that one who is not a party to a simple contract and from whom no consideration is received, cannot maintain a suit on the contract, and that a promise

made by one person to another for the benefit of a third who is a
stranger to the consideration will not support an action by the
latter, but it is contended that in this class of cases the considera-
tion does move from the individual taxpayer of the municipality.

It is contended in behalf of the defendant water company that its
contract with the Village Corporation known as the Presque Isle
Village Fire Department, to furnish water through hydrants for the
extinguishment of fires, did not make the plaintiffs parties or privies
to that contract, and that those who are not parties or privies to a
contract cannot maintain an action of tort for the breach of a duty
arising solely out of the contract.

It is the opinion of the court that the plaintiffs' declaration is not
sufficient in substance, and that the action is not maintainable.

The distinctive character of municipal corporations in this State,
and the circumstances and conditions under which the officials chosen
by them are deemed to act either as corporate agents or as public
officers engaged in the discharge of duties imposed by general law,
have been subjects of frequent examination and discussion in the
recent decisions of this court.    *Lovejoy* v. *Foxcroft*, 91 Maine, 367 ;
*Burrill* v. *Augusta*, 78 Maine, 118 ; *Mitchell* v. *Rockland*, 52
Maine, 118.

It is only necessary to be reminded here that the inhabitants of
the several cities and towns in this State are not voluntary associa-
tions or business corporations, but political agencies created for the
more effectual discharge of certain duties of political government,
and that the powers and liabilities of these agencies are only such
as are conferred and created by the legislature.

It may be observed then, in the first place, that when a munic-
ipal corporation itself by authority of its charter maintains a system
of water works for the use of its fire department, it is perform-
ing a public or governmental duty, and it is uniformly held upon
what seems to be entirely satisfactory reasoning that in such a case
the municipal corporation is not liable to individual taxpayers for
failing to provide an adequate supply of water for the extinguish-
ment of fires, unless expressly made so by provisions of the statute.
2 Dill. Mun. Corp. 976 ; *Tainter* v. *Worcester*, 123 Mass. 311 ;

*Miller* v. *Minneapolis*, 77 N. W. 788 ; *Mendel* v. *City of Wheeling*, 28 W. Va. 233; *Vanhorn* v. *City of Des Moines*, 63 Iowa, 447 (19 N. W. 293) ; *Hayes* v. *Oshkosh*, 33 Wis. 314.

If now instead of maintaining a system of water works of its own for the purpose of supplying water for the extinguishment of fires, a municipal corporation contracts with a water company to furnish water for that purpose, the numerous decisions of the courts of last resort in other States and in the Federal Courts, as before indicated, are practically unanimous in holding that the water company is not liable to the individual owner of property which has been destroyed by fire by reason of the company's failure to furnish an adequate supply of water to extinguish fires. The apparent exceptions will be noted and considered hereafter. As stated by the court in *Mott* v. *Water Co.*, 48 Kan. 12 (28 Pac. 989), "The fact that a city levies and collects a tax to be paid to a water company does not create any privity of interest between the water company and a citizen or a resident of the city. In making such contract the city discharges one of its duties for which it was created, and in raising the required money it only provides the consideration due from it by virtue of the contract. A water company could not proceed directly against a citizen or resident in the first instance, for unpaid money due under the contract from the city. . . . . If a city is not liable to its citizens or residents, the water company is not liable to such citizens or residents upon a contract between it and the city. The contract in such a case is between the city and the water company only . . . . The law which authorizes cities to contract with individuals and companies for the building and operating of waterworks confers no powers upon a city to make a contract of indemnity for the individual benefit of a citizen or resident of the city for a breach of the same."

In this State section 76 of chapter 4, R. S., empowers municipal corporations to "contract for a supply of water for municipal uses," but it was obviously not the design of this statute to authorize cities and towns to make contracts to indemnify individual owners for the loss of property by fire resulting from the neglect of its officials to furnish an adequate supply of water to extinguish it, and there is

no suggestion in this case that any such express contract was in fact ever made or attempted to be made between the village corporation and the defendant water company.

One of the earliest cases in which this question was directly involved was *Nickerson* v. *Bridgeport Hydraulic Company*, 46 Conn. 24, which came before the Supreme Court of that State in 1878. Two of the counts in the declaration are strikingly similar to those in the case at bar, and the case has been cited above upon the question of pleading. The essential averments were that the water company had negligently failed to provide a supply of water for the hydrants to enable the city to perform a public duty which it owed to the plaintiffs and others to extinguish fires. In the opinion the court say : "The most that can be said is, that the defendants were under obligation to supply the hydrants with water. The city owed a public duty to the plaintiffs to extinguish their fire. The hydrants were not supplied with water and so the city was unable to perform its duty. We think it clear that there was no contract relation between the defendants and the plaintiffs, and consequently no duty which can be the basis of a legal claim."

In 1887 the question came before the Supreme Court of Pennsylvania in the case of *Beck* v. *Kittanning Water Co.*, 11 Atl. 300 (Pa.) The defendant was under contract to supply the town and its residents with water. The plaintiff's brewery was destroyed by fire by reason of the neglect of the defendant to provide a supply of water for the hydrant in that vicinity. But the court say : "The plaintiff in this case had no contract with the defendant for a supply of water for the extinguishment of fires, hence it owed him no duty in this respect, and on the basis of such contract he had, of course, no cause of action. As to the contract with the borough, with that he had nothing to do. That was a matter between the municipality and the water company, and his interest in it is too remote to raise such a privity therein as would enable him to maintain this suit."

In *Davis* v. *The Clinton Water-Works Co.*, 54 Iowa, 59, (6 N. W. 126) the plaintiff sought to recover the value of her buildings destroyed by fire, upon the ground that the loss resulted from the defendant's failure to perform its contract with the city to supply

water for the extinguishment of fires. It was held that there was no such privity of contract between the plaintiff and the city or between the plaintiff and the defendant water company, as would enable her to maintain an action against the water company upon the facts stated. In the opinion the court say: "The city in exercise of its lawful authority to protect the property of the people, may cause water to be supplied for extinguishing fires and for other objects demanded by the wants of the people. In the exercise of this authority it contracts with defendant to supply the water demanded for these purposes. The plaintiff received benefits from the water thus supplied in common with all the people of the city. These benefits she receives just as she does other benefits from the municipal government, as the benefits enjoyed on account of improved streets, peace and order enforced by police regulations, and the like. It cannot be claimed that the agents or officers of the city employed by the municipal government to supply water, improve the streets, or maintain good order, are liable to a citizen for loss or damages sustained by reason of the failure to perform their duties and obligations in this respect. They are employed by the city, and responsible alone to the city. The people must trust to the municipal government to enforce the discharge of duties and obligations by the officers and agents of that government." *Nickerson* v. *Bridgeport Co.*, supra, was one of the authorities cited in support of the decision.

This doctrine was reaffirmed in *Vanhorn* v. *Des Moines*, 63 Iowa, 448, (19 N. W. 233) and in *Becker* v. *Keokuk Water Works*, 79 Iowa, 419, (44 N. W. 694) although in the Des Moines case the city had taken a contract from the company to protect it from liability which might arise from the negligence of the company; and in the latter case, it was provided by ordinance that the water company should be liable for all injuries to persons or property caused by its negligence.

To the same effect was *Howsman* v. *Trenton Water Co.*, 119 Mo. 304 (1893) where it was held that a water company that contracts with a town to furnish an adequate supply of water to extinguish fires and agrees to be liable for damages from fire result-

ing from its negligence, cannot be sued on the contract by a citizen
though he and other citizens pay a special tax to the company under
the contract.    In the opinion the court give the following reasons
among others:    "A municipal corporation, in making contracts
for the benefit of its citizens, acts for them collectively, and for all
of them, in every act, and the relation of privity is not, and cannot
be, introduced into such contracts by reason of taxpaying or the
discharge of any civic duty by any individual citizen."

"The town had no authority to make a contract to indemnify the
plaintiff for the loss of his property by fire resulting from the neglect
of its agents or servants to furnish an adequate supply of water to
put it out, and therefor could not make such a contract that would
be binding on another."

It is true that special reference is made in the opinion to the fact
that this was an action on the contract.    But the existence of a
duty to the plaintiff was an indispensable element of any legal claim.
Negligence which consists merely in the breach of a contract will
not afford ground for an action by any one who is not a party to
the contract, and not a person for whose benefit the contract was
avowedly made.    *Heaven* v. *Pender*, L. R. 11 Q. B. Div. 503;
*Nickerson* v. *Bridgeport Water Co.*, 46 Conn. 24, supra; *Shear-
man* v. *Redfield* on Neg. sect. 116.    "The violation of a contract
entered into with the public, the breach being by mere omission or
nonfeasance, is no tort direct or indirect, to the private property of
an individual, though he be a tax payer to the government.
Unless made so by statute, the city is not liable for failing to
protect the inhabitants against the destruction of property by fire."
*Fowler* v. *Athens City Water Works Co.*, 83 Ga. 219, 9 S. E.
673; *House* v. *Houston Water Works Co.*, 88 Texas, 233, (31
S. W. 179).

The question arose in Wisconsin in 1892, in the case of *Britton*
v. *Green Bay Water Works Company*, 81 Wis. 48, (51 N. W.
84), and it was held that a water company under contract with a
municipal corporation to furnish water for the extinguishment of
fires, does not become liable to suit by a private citizen for loss of
his property by fire owing to the negligence of the company in not

furnishing a sufficient supply of water.    It is said in the opinion:
"It seems to be impossible to find any sound legal principle on
which the liability of the defendant to the plaintiff can be pre-
dicted. . . . .    Could the defendant have reasonably supposed
that by this contract with the city, it was contracting with or
incurring liability to each of its inhabitants and that it might be
sued by each one indirectly and separately? . . . .    Is it a
hardship that the plaintiff cannot recover in such a case?    So it is
in case the city is sued for neglect of its duty in not furnishing the
necessary machinery for putting out fires.    It is not greater hard-
ship in one case than in the other; the duty of furnishing water
and using it to put out fires still remains in the city.    That duty
has not been, if it could be, transferred to the company.    The
company is bound only by its contract and liable to the city alone
as the other contracting party."

In 1894 the question came before the Supreme Court of Indiana
in *Fitch* v. *Seymour Water Company*, 139 Indiana, 214, (37 N.
E. 982), and upon demurrer to the complaint charging facts similar
to those in *Britton* v. *Water Co.*, 81 Wis. supra, it was held that
the water company had undertaken no public duty which would
make it liable to the plaintiff, and that the plaintiff had no privity
in the contract of the city with the water company.

In the very recent and carefully considered case of *Lovejoy* v.
*Bessemer Water-Works Co.*, in the Supreme Court of Alabama, 41
South. Rep. 76, 1906, the court reached the same conclusion, citing
eighteen decisions in support of it.    The opinion there says:    "The
overwhelming weight of authority is against the right of the plain-
tiff to maintain this action.    The reason why he may not do so is
that there is a want of privity between him and the defendant which
disables him from suing for a breach of the contract or for the breach
of duty growing out of the contract.    It is impossible at this late
day to say anything new upon the subject, and it would be affecta-
tion to attempt any elaborate discussion of the question involved."

"We recognize that the absence of a remedy by suit for damages
for a failure by a water company to furnish water for fire purposes,
according to its contract with a city, leaves the subject 'in an

extremely unsatisfactory position,' as stated in the note to *Britton* v. *Waterworks Company*, 29 Am. St. Rep. 856, 863, yet, as the learned annotator suggests, 'the only security would seem to be in legislation or in the incorporation of some suitable provision in future contracts of this description, whenever the taxpayer desires to reserve a personal remedy against the water company.' It is not the function of a court to make law to fit hard cases."

See also *Allen & C. Mfg. Co.* v. *Waterworks Co.*, 37 South, 950 (La.); *Eaton* v. *Waterworks Co.*, 37 Nev. 546 (56 N. W. 201); *Bush* v. *Artesian Water Co.*, 43 Pac. 69; *Wilkison* v. *Light H. & W. Co.*, 28 South, 877 (Miss.); *Ferris* v. *Water Co.*, 16 Nev. 44 (40 Am. Rep. 485).

In the Federal Courts the adjudications have been to the same effect.

In the recent case of *Metropolitan Trust Co.* v. *Topeka Water Co.*, 132 Fed. Rep. 702, the court said: "The question of the liability of a water company to respond in damages to a resident of a city, the owner of property destroyed by fire, on account of the failure of the water company to fulfill its contract with the city in furnishing an adequate supply of water and a stipulated pressure for the extinguishment of fires, has many times received the consideration of the courts of last resort in this country, and the almost universal holding is that there is no such privity of contract between the individual citizen, though a taxpayer who contributes to the fund disbursed by the city in the payment of hydrant rentals, and the water company, as will authorize any recovery for damages so sustained. *Boston Safe Deposit & Trust Co.* v. *Salem Water Co.*, (C. C.) 94 Fed. 238."

On the other hand three cases are cited in support of the plaintiff's contention that such an action for negligence is maintainable in favor of an individual owner of property against a water company under contract with the municipality to furnish a supply of water. The first case in which this doctrine is held is *Paducah Lumber Co.* v. *Paducah Water Co.*, 89 Ky. 340, 12 S. W. 554. But it distinctly appears in the opinion in that case that there was a private contract directly between the water company and the plaintiff lumber com-

pany, and no cases are cited in the opinion, and the case itself is not an authority, to sustain the plaintiff's contention at bar. *Gorrell* v. *Greensboro Water Co.*, 124 N. C. 328, (32 S. E. 720), and *Mugge* v. *Tampa Water Works Co.*, 42 South, 81, (Fla.) follow the Paducah case in Kentucky, although the facts are materially different. It is sufficient to observe that the reasoning in those cases is not satisfactory.

These numerous expressions of judicial opinion have been so nearly unanimous, and the conclusions reached by so many courts of eminent respectability and authority have been so uniformly opposed to the maintenance of such actions by individual property owners, that the rule may properly be regarded as settled law, and while this court has never been unmindful of the flexibility and creative power of the law to meet the progressive developments of the age, it has never hastily or inconsiderately rejected principles established by sound reason or doctrines sanctioned by long experience.

The proposition advanced by the plaintiffs would require water companies to assume, to some extent, the responsibility of insurers, and it does not satisfactorily appear that such a doctrine would be more in harmony with considerations of public policy, or more consonant with reason and justice, than the established rule. Ample opportunities are already afforded for all property owners to obtain insurance against losses by fire, and the assumption of such risks by water companies, even in a modified degree, would result in double insurance and largely increased water rates. Furthermore, capital would not readily seek investments in enterprises involving a public service exposed to incalculable hazards and constant litigation. In the practical administration of the law the established rule has not been found the cause of extraordinary hardships or the occasion for exceptional complaints.

The entry must accordingly be,

*Exceptions overruled.*
*Demurrer sustained.*
*Declaration adjudged insufficient.*