## SALATHIEL C. NICKERSON AND ANOTHER *vs.* THE BRIDGEPORT HYDRAULIC COMPANY.

Where a water company, organized for the purpose of supplying the inhabitants of a city with water, contracted with the city to supply the city hydrants with water, and by their neglect to do so the fire department of the city was not able to extinguish a fire occurring in the city, it was held that the water company was not liable in damages to the owner of the property burned, for the neglect to supply the water.

The allegation of a duty is insufficient without the allegation of facts showing the existence of the duty.

An allegation that the defendants were a corporation organized to supply the city with water to extinguish fires—held not to show a duty to supply the water.

An allegation that the defendants contracted to supply the city with water to extinguish fires—held not sufficient without an allegation that the contract was still in force when the fire occurred.

An allegation that such a contract was entered into by a corporation to whose rights the defendants succeeded—held not sufficient without allegations showing how the contract became obligatory on the defendants.

Where it was alleged that the contract between the defendants and the city contained certain mutual stipulations, it was held necessary that performance on the part of the city should be averred.

And where it was alleged that the water was to be supplied at hydrants which should be established by the city and the defendants along the line of pipe, it was held necessary to aver that the hydrants which the defendants were charged with neglecting to supply with water, were so established.

ACTION ON THE CASE, for a neglect of the defendants to supply water to hydrants of the city of Bridgeport, by reason of which the property of the plaintiffs, having taken fire, was consumed; brought to the Superior Court in Fairfield County. The declaration contained three counts, to all of which the defendants demurred both generally and specially, as also to the whole declaration for a misjoinder of counts. The case was reserved upon the demurrers for the advice of this court. The case is sufficiently stated in the opinion.

*A. S. Treat* and *W. K. Seeley*, in support of the demurrers.

1. In the first count two things are alleged—a duty and a contract. But in the breach from which the injury arises neglect of duty only is alleged, not a violation of a contract —no disregard of a promise. Indeed the contract as set out

could hardly be called a cause of action. . This, then, is a count in case for negligence. See forms, 2 Swift Dig., 483, 518; 2 Chitty Pl., 353, 650. In the other two counts the only liability alleged is a contract, or a duty arising from a contract, and the breach complained of is a violation of a contract, or a neglect of duty under a contract. These, then, are counts in assumpsit. If there be a misjoinder, as we claim, no law need be cited in regard to it.

2. Whether the first count be in case for neglect of duty, or in assumpsit on a contract, is wholly immaterial. In any view of the character of the counts they are all insufficient. No facts are stated from which any duty or obligation can arise. *Bailey* v. *Bussing*, 29 Conn., 1; *Hayden* v. *Smithville Manufacturing Co.*, id., 548; *McCune* v. *Norwich City Gas Co.*, 30 id., 521.

3. All the counts contain numerous formal defects.

*D. F. Hollister* and *H. S. Sanford*, contra.

1. There is no misjoinder of counts. All the counts are in case, founded upon the duty of the defendants to supply the water. That this duty grew out of their contract with the city does not make it any the less a duty in their relation to these plaintiffs. But if there be a misjoinder the defect is cured by the act of 1875. Session Laws, 1875, p. 29. This act, though passed while the suit was pending, makes no exception of such suits, and is retroactive in its operation.

2. Under the general demurrer no objection can of course be sustained, which is founded on any claim that the counts or any of them are framed inartificially. If they contain matters which if placed in proper sequence would constitute good pleading, they must under this general demurrer be upheld. That a good cause of action exists on the facts set forth in the declaration, taken as a whole, admits of little doubt. *Atkinson* v. *Newcastle & Gateshead Waterworks Co.*, L. Reps., 6 Exch., 404; *Couch* v. *Steele*, 3 El. & Bl., 402; *Rowning* v. *Goodchild*, 2 W. Bla., 906; *Metallic Compression Casting Co.* v. *Fitchburg R. R. Co.*, 109 Mass., 277.

3.  The matters alleged in the different counts are sufficiently alleged as to form.

PARK, C. J.  This action was brought to recover the value of certain property destroyed by fire in the city of Bridgeport.

The declaration contains three counts.  The defendants have demurred, generally and specially, to the whole declaration; and specially to each count in the declaration.

The case comes before us on a reservation of the questions of law arising on the demurrers.

We think each count is defective in substance; and therefore we shall not consider whether there is a misjoinder of counts in the declaration, as is set forth in the special demurrer to the whole declaration.  We will consider them in their order.

The material allegations in the first count are, that the defendants are a corporation, and were organized to supply the city of Bridgeport, its citizens and inhabitants, with an abundant supply of water, for domestic use and the extinguishment of fires, throughout the limits of the city; that it was their duty to keep and afford an abundant supply for such purposes; that in consideration thereof it also became their duty to pay, and they became liable to pay, all damages arising from neglect of this duty; that they had contracted to furnish the plaintiffs an abundant supply for the extinguishment of fires on their premises, and to keep the water running through certain pipes for the purpose; that the plaintiff's property, situated within the city, (describing it,) was destroyed by a fire on the 30th of September, 1872; that the plaintiffs were inhabitants of the city; that it was the duty of the defendants, at the time of the fire, to have kept an abundant supply of water running through their pipes to extinguish the same; that the defendants, their duty in this behalf not regarding, negligently and wrongfully shut off the water from their pipes, and the same was shut off during the entire time of the fire by their negligence; and that the property described was destroyed in consequence of the wrongful acts of the defendants in shutting off and not supplying the water.

. This count attempts to hold the defendants liable for the
destruction of the plaintiffs' property on the ground that it
was their duty to supply the plaintiffs with water sufficient to
extinguish the fire in question, and that they neglected to
perform this duty.    But no facts are stated sufficient to estab-
lish any such duty on the part of the defendants.    It is true
the count states that the defendants are a corporation, organ
ized to supply the inhabitants of Bridgeport with water to
extinguish their fires.    But does this create an obligation to
supply the water without any thing more ?    A corporation is
organized to manufacture woolen goods and sell them in the
market.    Does this alone create an obligation to manufacture
the goods, and supply them to *A*, whether he pays any thing
for them or not?    It is not alleged in the count that the
plaintiffs ever paid any thing, or even promised to pay any
thing to the defendants for a supply of water to extinguish
their fires.    It is further alleged that the defendants con-
tracted with the plaintiffs to supply them with water to
extinguish their fires, but nothing appears to show precisely
what the contract was; no terms or conditions whatever are
stated.    Whether the contract was in force or not at the time
of the fire is left to conjecture.    The allegation is a bare
statement of the fact of a contract, and nothing else.    No
principle is better settled in the law than that an allegation
of duty alone is not sufficient.    There must be an allegation
of facts sufficient to create the duty or obligation, or else the
declaration will be fatally defective.    *Bailey* v. *Bussing*, 29
Conn., 1; *Hayden* v. *Smithville Manuf. Co.*, 29 Conn., 548;
*McCune* v. *Norwich City Gas Co.*, 30 Conn., 521.

The second count is based upon a supposed duty which the
defendants owed the plaintiffs to furnish them water for the
extinguishment of their fires, growing out of a contract
entered into between the Bridgeport Water Company and the
city of Bridgeport, two years before the defendants were
organized.    How that contract became obligatory on the
defendants is not stated; neither is it stated that it was an
existing contract at the time of the fire.    There are mutual
stipulations to be performed in the contract by both of the

contracting parties; and there is no allegation of performance by the city. And furthermore, by the terms of the contract, the Bridgeport Water Company bound itself only to furnish water for the extinguishment of fires at the hydrants which should be established by the city and the company, along their line of pipe, according to the terms of the contract. It is not alleged that there were any hydrants thus established, or that there was any hydrant in the vicinity of the fire. Neither is complaint made that water was not furnished at all the hydrants in that section of the city, if there were any. The ground of complaint is that water was not kept running through the pipes for the extinguishment of the fire. This was an obligation which the Bridgeport Water Company never assumed, so far as it appears. We think this count is insufficient.

The third and last count sets forth that the Bridgeport Water Company was incorporated by the legislature in 1853, for the purpose of supplying the city of Bridgeport with water for public and domestic use; that they were granted certain privileges by their charter, and were required to perform the terms and conditions stated in the proposition of Nathaniel Green, relative to supplying the city with water, and if they should fail to do so, then all the rights, powers, and privileges conferred by the charter should cease and determine; that in the proposition referred to it was proposed that the Bridgeport Water Company should furnish fire hydrants in such places as the city government should direct, and should keep them in order and always supplied with water; that the exclusive right to the streets for the purpose of laying pipes should be granted to the company by the city, with certain limitations; that Green and his associates accepted the act of incorporation which was passed, and the Bridgeport Water Company was thereupon organized; that that company made the contract set out in the second count of the declaration with the city of Bridgeport; that the company introduced water into the city according to the terms of the contract and proposition; that afterwards the company became insolvent, and the bond-holders of the company

became incorporated by an act of the legislature, under the name of the Bridgeport Hydraulic Company; that all the privileges and all the burdens of the old company were con ferred and imposed on the new company; that the new company accepted their charter and assumed all the burdens and privileges of the old company; that certain hydrants were located near the place where the plaintiffs' property was situated; that before the fire these hydrants had been accepted by the city and by the last named company; that the hydrants were located in suitable places to save the property of the plaintiffs, if supplied with water according to the terms of the proposition and contract; that it was the duty of the defendants to supply these hydrants with water; and that they negligently did not supply them with water at the time of the fire, but shut off the water in the pipes leading to the hydrants, and in consequence thereof the plaintiffs' property was destroyed.

These are the essential allegations of the count, and the question is, do they establish a cause of action against the defendants? It will be observed that the plaintiffs complain that the defendants did not supply with water the hydrants which had been established by the city and the Bridgeport Water Company under their contract, to enable the city through its fire department to perform a public duty which it owed to the plaintiffs and others, to extinguish their fires. Had the plaintiffs' fire been extinguished it would have been done by the fire department; for there is no allegation in the count that the plaintiffs had hose that might have been attached to the hydrants and the fire extinguished by their own efforts. Hence, whatever benefit the plaintiffs could have derived from the water would have come from the city through its fire department. The most that can be said is, that the defendants were under obligation to the city to supply the hydrants with water. The city owed a public duty to the plaintiffs to extinguish their fire. The hydrants were not supplied with water, and so the city was unable to perform its duty.

We think it is clear that there was no contract relation

between the defendants and the plaintiffs, and consequently no duty which can be the basis of a legal claim.

But there are other defects in this count. There is no allegation that the city ever accepted the proposition of Nathaniel Green. There is no allegation that the contract between the city and the Bridgeport Water Company was a subsisting contract at the time of the fire; nor that the city performed their part of the contract; nor that the city accepted the defendants in the place of the Bridgeport Water Company and confirmed the contract with the defendants. There is an entire absence of allegations going to show a subsisting contract of the defendants with the city, much less with the plaintiffs, out of which a duty could arise.

We advise the Superior Court that the declaration is insufficient.

In this opinion the other judges concurred.