## John Peck v. Sterling Water Company.

### Gen. No. 4,419.

1. FIRE—*when water company not liable for loss sustained by reason of.* A water company which has contracted with a city to furnish a sufficient supply of water for fire extinguishing, among other purposes, is not liable to a citizen of such city where his building was destroyed by reason of its failure to furnish sufficient water and water pressure to extinguish the fire therein.

Action on the case for damages to personal property. Error to the Circuit Court of Whiteside County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

C. L. & C. E. SHELDON and C. C. JOHNSON, for plaintiff in error.

A. A. WOLFERSPERGER, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

John Peck, plaintiff in error, brought this suit against the Sterling Water Company, defendant in error, to recover damages for loss of his planing mill and adjacent buildings and their contents by fire. His declaration consists of two counts, in which he set out at great length a contract between the city of Sterling and the water company for the erection by said water company of a system of water works in said city, and the maintenance of certain hydrants, pumping station, reservoirs, pumping engines and boilers of certain specified capacity, in which contract the water company covenanted and agreed with the city of Sterling to furnish and maintain during the term of twenty-five years in its mains and hydrants a pressure sufficient to deliver a certain number of streams of water through certain specified sizes of hose and nozzles to a certain height, or for a certain other horizontal distance; in consideration of which the city of Sterling agreed to pay certain hydrant rentals each year. The declaration averred that the city of Sterling made this contract for the use and benefit of

the taxpayers and property owners within said city; that the works were built, and the city paid its hydrant rentals and that such payments were made from taxes levied by the city and paid by plaintiff in error and other property owners and taxpayers of said city upon their property, and that the purpose and intent of the city of Sterling and of the water company was to protect the property of plaintiff in error and other taxpayers of said city against loss by fire. The declaration then averred the ownership by plaintiff of a certain planing mill, machinery and sheds within the city limits, and that on October 21, 1903, within the twenty-five years covered by said contract, a small shed on the premises of plaintiff in error caught fire; that the fire alarm was given; that the Sterling fire company arrived with the proper apparatus for its extinguishment, and attached their hose to the hydrants of the water company, and that said hydrants were sufficiently near the planing mill to have afforded water adequate for the ready extinguishment of the fire if the proper pressure had been on, but that the defendant carelessly and negligently failed to furnish said hydrants with sufficient water and sufficient pressure to permit the extinguishment of said fire, and by reason of its failure to have the supply of water and the pressure required by the contract, the fire company was unable to extinguish the fire, and it spread to the planing mill and destroyed the premises. The court sustained a general demurrer to the declaration. Plaintiff in error elected to stand by his declaration, and judgment was entered against him for costs. He has sued out this writ of error to reverse said judgment, and relies upon the proposition that if A promises B to pay C a sum of money, C can maintain an action against A upon the promise. That doctrine is well established in this state, the decisions in which it has been announced being usually cases where a party purchased real estate, subject to a mortgage resting thereon and agreed as a part of the consideration to pay the mortgage debt. In such case the holder of the mortgage debt can maintain an action at law against the purchaser

of the premises. The only question is whether that principle is applicable to this case.

It is well settled that a city operating its own water works is not liable to the owner of property destroyed by fire for failure to supply the water or pressure requisite to protect said property from destruction by fire, though such owner is a citizen and has paid taxes for the erection and maintenance of the water works, or has paid water rents for a supply of water to his property. In erecting and operating water works, a city is performing a governmental act, and it is not liable for any negligence or failure on its part, or on the part of its officers controlling such water works, for any loss a citizen may suffer by reason of such negligence or failure. The following are a few of the cases wherein this doctrine has been announced: Wheeler v. City of Cincinnati, 19 Ohio St. 19; Grant v. City of Erie, 69 Pa. St. 420; Tainter v. City of Worcester, 123 Mass. 311; Springfield F. & M. Ins. Co. v. Village of Keeseville, 148 N. Y. 46; Vanhorn v. City of DesMoines, 63 Iowa, 447; Wright v. City Council of Augusta, 78 Ga. 241; City Council of Montgomery v. Montgomery Water Works, 79 Ala. 233.

It has also been established by a long line of adjudicated cases, that if a city contracts with a private party to construct and operate water works, and to furnish water to the city and to its citizens and to owners of property within the city for domestic and business use and fire protection, such party is merely the agent of the city to perform certain of its governmental functions. As the citizen or property owner cannot hold the city liable for loss by reason of its failure to furnish an adequate supply of water for fire protection, neither can he hold the agent liable whom the city has employed to perform this governmental act. The city in making a contract beneficial to its citizens, acts for them collectively, and for all of them in every such act, and the relation of privity does not exist between any individual citizen and the party with whom the city makes such contract; and such privity of contract does not arise

from the mere fact that the citizen pays taxes to the city to enable it to pay the consideration it has promised. The following are some of the principal cases in which these doctrines have been announced, and while they do not all follow exactly the same line of reasoning, yet they agree in denying that any such liability exists: Nickerson v. Bridgeport Hydraulic Co., 46 Conn. 24; Fitch v. Seymour Water Co., 139 Ind. 214; Davis v. Clinton Water Works Co., 54 Iowa, 59; Becker v. Keokuk Water Works, 79 Iowa, 419; Howsmon v. Trenton Water Company, 119 Mo. 314; Britton v. Green Bay & Ft. Howard Water Works Co., 81 Wis. 48; Fowler v. Athens City Water Works Co., 83 Ga. 219; House v. Houston Water Works Co., 88 Tex. 233; Foster v. Lookout Water Co., 3 Lea (Tenn.), 42; Nichol v. Huntington Water Co., 53 W. Va. 348; Mott v. Cherryvale Water & Mfg. Co., 48 Kan. 12; Eaton v. Fairbury Water Works Co., 37 Neb. 546; Ferris v. Carson Water Co., 16 Nev. 44; Smith v. Great South Bay Water Co., 82 N. Y. Sup. App. Div. 427; Wainwright v. Queens County Water Co., 78 Hun, 146.

The act under which the city of Sterling contracted with defendant in error, did not authorize the city to make a contract of indemnity for the individual benefit of the taxpayer or property owner upon which he might maintain an action in his own name. Becker v. Keokuk Water Works, *supra;* Mott v. Cherryvale Water & Mfg. Co., *supra.* Moreover, the contract declared upon between the city of Sterling and defendant in error, did not profess to provide for indemnity to the citizen or property owner, or to give a cause of action against defendant in error to any citizen or property owner who should suffer loss by failure of defendant in error to furnish an adequate supply of water or the required pressure.

There are two courts which have expressed views contrary to the rules above stated. The leading case of this class is Paducah Lumber Co. v. Paducah Water Supply Co., 89 Ky. 340, wherein the language of the court fully sustains the position of plaintiff in error here. In that case,

however, the lumber company had an express contract with the water company to supply two hydrants on the premises of the lumber company with water for fire protection, so that it seems that the judgment of the court there could have been placed on the ground of the private contract. That court, however, based its judgment expressly upon the proposition that the contract between the city and the water company was for the benefit of the property owner, and that the property owner thereby acquired the right to prosecute an action in his own name and for his own benefit for a breach of the contract, upon the principle which is the reliance of plaintiff in error here. That view of the law was adhered to by the Supreme Court of Kentucky in Duncan v. Owensboro Water Co., 12 S. W. R. 557, and Duncan's Executors v. Owensboro Water Co., 15 S. W. R. 523, not officially reported. The same principle was announced and applied in Gorrell v. Greensboro Water Supply Co., 124 N. C. 328, with two of the five judges dissenting. The reasoning of these cases is discussed and criticized in a number of the cases above cited as sustaining the contrary doctrine. Two or three other cases are cited by plaintiff in error as supporting his position, but the facts seem to us so different as to make them inapplicable. We concur in the rule established by the great weight of authority, and the judgment is therefore affirmed.

*Affirmed.*