### City of Galena et al. v. Galena Water Company.

#### Gen. No. 4,741.

1. PARTIES—*how objection of too many, joined as plaintiffs in action at law, may be raised.* The fact that too many plaintiffs have been joined may be raised by demurrer where the question arises upon the face of the declaration.

2. FIRE—*who cannot recover of water company for injury occasioned by.* Where loss by fire results from the failure of a water company to observe its contract with the municipality in which it operates, recovery cannot be had by the person who sustained such loss if such person were not a party to the contract in question.

Action in case. Appeal from the Circuit Court of Jo Daviess county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

M. J. DILLON and JONES & KERZ, for appellant.

SHEEAN & SHEEAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

The city of Galena and the board of school directors

of district No. 120, of the county of Jo Daviess, sued the Galena Water Company in an action on the case to recover damages for the loss by fire of a building, owing, as is alleged, to the negligent breach of a written contract between the city and the predecessor of the water company. Counsel agree that a demurrer was sustained to an original and to an amended declaration. The record before us begins with what is called a new declaration, to which a general and a special demurrer was sustained. Defendant had judgment for costs, and plaintiffs appeal.

The first count of the new declaration, which will herein be called the declaration, sets out a contract, made in 1896, between the city of Galena and Henry S. Raymond, his successors and assigns, for the construction and operation by the latter of a system of water works in said city, in which contract is embodied an ordinance passed by the city of Galena, which Raymond therein agreed to fulfill and perform. The first section of the ordinance granted Raymond, his successors and assigns, the franchise for thirty years to maintain and operate, within and near the city of Galena, waterworks for supplying the city and inhabitants thereof with water for public and private uses. The second section provided: "The water supplied by said works shall be good, clear water, of sufficient quantity for all domestic, fire and manufacturing purposes within said city, and suitable for those purposes." Section 3 provided for the capacity of pumping engines, and that they "shall be so connected to the pipe system that the pressure may be changed from gravity to direct pumping within at least fifteen minutes." It also provided: "A stand pipe shall be erected on accessible high ground, of sufficient elevation to give reliable pressure for the use of the water in extinguishing fires in the buildings upon the hills in said city as well as below." Section 5 provided for the size and length of pipe to be laid throughout the city, under the pipe system

submitted with the ordinance, and for the testing of said pipe to withstand a certain pressure, and provided that such pipe "shall be of ample size to carry out the provisions of this agreement, and affording the city where said pipes are laid first-class protection from fires." The ordinance provided that the city should rent a certain number of fire hydrants, and pay certain annual rentals for the use thereof. The declaration averred that Raymond constructed the waterworks, and entered upon the performance of the conditions and obligations of said ordinance, and that afterwards his agreements and covenants were assumed by the Galena Water Company, and that the city rented the hydrants and paid the annual rental as agreed. The first count then charged that on or about April 11, 1904, a fire broke out in the uppermost part of a three-story brick building owned by said city of Galena, and controlled and managed by said board of school directors, and situated upon certain lots in said city; that the fire alarm was promptly given, and the water company notified of the location of the fire; that the fire companies of the city promptly responded, and arrived promptly at said fire with their appliances, which were attached to the nearest fire hydrants, and were adequate and sufficient for the extinguishment of said fire, and the hydrants near enough to said building to have afforded water adequate for the extinguishment of said fire, if a sufficient quantity of water, as provided in section 2 of said ordinance, had been supplied; but that defendant persistently, carelessly and negligently failed to supply said hydrants with a sufficient quantity of water for the extinguishment of said fire, in violation of its obligation under section 2 of said ordinance and contract, and that by reason of the tortious and negligent failure of said water company to supply said hydrants with a sufficient quantity of water for the extinguishment of said fire, it spread to the remaining portions of the building and destroyed it. The second,

third and fourth counts of the declaration each referred to the first count for the statement of the contract and ordinance and their provisions, and described in like manner the building and the fire, and the giving of the fire alarm to the water company. The second count then alleged that the water company was notified by the chief of the fire department and by members of the board of school directors to change the pressure of the pipe system from gravity to direct pressure, and that if this had been done, the fire could have been extinguished; but that the water company carelessly, negligently and persistently failed and refused to change the pressure from gravity to direct pressure within fifteen minutes after being so notified, as it was bound to do by section 3 of said ordinance, and that as a result, the building was destroyed by fire. The third count alleged in addition that the school building was situated upon one of the hills of said city, that the water company carelessly, wilfully and negligently failed and refused to erect a stand pipe on accessible high ground of sufficient elevation to give reliable pressure for the use of water in extinguishing fires in buildings upon the hills of said city, as bound to do by section 3 of said ordinance, and that on account of such careless, wilful and wanton neglect by the water company, the building was destroyed by fire. The fourth count charged these facts, and that the hydrants were sufficiently near the building to have afforded water adequate for the extinguishment of the fire, if the pipes of the water company running to said hydrants had been of ample size to have afforded said city first-class protection from fire, as the company was bound by said ordinance to furnish; but that the company refused and neglected to lay pipes of sufficient size to furnish water sufficient for the extinguishment of said fire, and because thereof the building was destroyed.

While the main contention of appellee is that the city did not have power to contract with Raymond or

the water company to protect this school building from fire, and that if it had that power, the declaration does not show that it made a contract for such protection, yet appellee also contends that the school board was not a party or a privy to the contract, and that it has no right of action, either alone or jointly with the city. To this appellant replies asserting that the school board is a proper party, and averring that if not the question is not before this court, because it was not raised by the pleadings. It is said in 1 Chitty's Pl., 66, that if too many persons are made co-plaintiffs, the objection, if it appear on the record, may be taken advantage of by demurrer. The demurrer here was general and special. Though the special causes of demurrer assigned do not expressly say that the school board was not a proper plaintiff, yet several of the causes assigned question the right of the school board under the contract, and deny that school property is protected thereby. Upon an examination of all the fourteen causes of special demurrer assigned, we think they sufficiently question the right of the school board to maintain any action under this contract, and we also think the question was raised by the general demurrer. If, as alleged in the declaration, the water company failed to perform these provisions of the contract, and if that failure caused a loss by fire to property owned by the city, we see no good reason why the water company should not be responsible to the city, one of the parties to the contract, for the proximate results of such breach of contract. But the board of school directors of school district No. 120 of the county of Jo Daviess was not a party nor a privy to the contract. The only allegation concerning the school board is that this building owned by the city of Galena was "controlled and managed by said board of school directors." It is not even charged that the school board was in possession of the building, nor that it was in any way injured by the fire, or that the fire destroyed any prop-

erty of which it was the owner. The declaration does not allege any connection between the city and the school board. No basis appears in the declaration for the recovery of any damages by the school board. But if the school board did lose by the fire, yet, so far as the declaration shows, the school board stands only in the position of any other citizen or corporate body in the city whose property might be injured by a fire as a result of the failure of the water company to keep its contract with the city. Such citizen or corporation, not a party to the contract, could not recover from the water company for such a loss, according to the almost unanimous line of judicial decision in this country, examined, cited and followed by us in Peck v. Sterling Water Company, 118 Ill. App. 533. True, just at the close of each count the pleader has inserted these words: "Upon the doing of which the plaintiffs had, for a valuable consideration as aforesaid, contracted for with said defendant company, and upon the fulfillment of which said plaintiffs had confidently relied." But the "consideration as aforesaid" was the payment by the city of annual rental for seventy-five hydrants, and the only contract set out is the ordinance and the contract embodying it between Henry S. Raymond and the city of Galena, and the assumption by the water company of the agreements and covenants made by Raymond with the city. No contract is shown in the declaration to which the school board was in any way a party, and the declaration does not show that any relation or unity of interest existed between the city and the school board, except the allegation that the board controls and manages a building owned by the city, and which was destroyed by fire. In our judgment, this declaration does not show that the school board has a right of action, or that the city and the school board have a joint right of action.

Appellants, in their reply brief, call our attention to Schmohl v. Williams, 215 Ill. 63. If the courts

should take judicial notice of the historical facts and course of legislation concerning the city of Galena and the school board there narrated, and should read them into 'this declaration, we fail to see how that would show why the school board should be plaintiff with the city in a suit to recover for the loss by fire of a building which the city owns, and under a contract in writing which the city made, and to which the school board was not a party. If that legislation be read into this declaration, even then no joint right of action would appear, nor would it appear that the school board has a cause of action against the water company for the destruction by fire of this building, which it does not own. We conclude the demurrer to the declaration was properly sustained. The judgment is affirmed.

*Affirmed.*