# Michael Rostad, Plaintiff in Error, v. Chicago Suburban Water and Light Company, Defendant in Error.

## Gen. No. 15,599.

WATERWORKS COMPANIES—*when action for breach of contract does not lie.* If a water company is under obligation by virtue of contract to supply water to a municipality for fire protection and it fails so to do, in consequence of which failure the dwelling house of a resident is destroyed by fire, an action sounding in contract does not lie by such resident against such company where no privity of contract appears.

Assumpsit. Error to the Superior Court of Cook county; the HON. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 3, 1911.

ALEXANDER J. STROM, STAHL & LEWALD and DARROW & MASTERS, for plaintiff in error.

WOOD & OAKLEY, for defendant in error; HORACE S. OAKLEY and ALBERT M. KALES, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court. From the evidence offered and excluded by the court on the trial, it appears that on August 1, 1899, the defendant in error, Chicago Suburban Water and Light Company, an Illinois corporation, purchased and succeeded to all the property, franchises and rights of the Cicero Water, Gas and Electric Light Company, an Illinois corporation. On February 18, 1900, a few months after this purchase, by virtue of certain franchises which had been granted to defendant in error by the incorporated town of Cicero and accepted by it, and by virtue of certain contracts made between the town of Cicero and the original company which was in control and operation of water works supplying the town of

Cicero with water for public and domestic uses, including fire protection, defendant in error came into control of all the water works pipes and hydrants in the town used for those purposes.

Plaintiff in error, Michael Rostad, on February 18, 1900, was and had been for many years an inhabitant of the town of Cicero and a taxpayer both as to real and personal property, and owned a dwelling house where he resided with his family within the incorporated limits of the town of Cicero, and in a part of the town supplied with hydrants used in furnishing water in cases of fire, and for other public uses.   On this last mentioned date a fire started in the house adjacent to that of plaintiff in error, and an alarm was promptly sent to the fire department of the town, and also to the Chicago fire department.   The fire companies responded without delay with adequate equipments for extinguishing the fire, attached their hose to the nearest hydrant, but could not obtain water, there being a pressure of only three pounds to the square inch.   Other hydrants were tried with no better results.

By the terms of a contract made May 25, 1889, between the town of Cicero and the Cicero Water, Gas and Electric Light Company it was provided among other things that: "The said company shall keep at all times a pressure of water of at least 35 pounds per square inch on the water pipes, and in case of fire the pressure of water shall at once be increased to at least 40 pounds per square inch on said water pipes." By reason of defendant in error's negligence and wrongful act and failure to perform its contract the fire spread from the building where it started to plaintiff in error's residence, and the building and contents were completely destroyed.

Plaintiff in error instituted this action in assumpsit against defendant in error to recover damages for the loss of property, and filed the common counts.   Subse-

quently by leave of court, plaintiff set forth in an amended declaration the franchises acquired by defendant under the original grant to its predecessor, and the contracts made between the town and defendant's predecessor, and the transfer thereof to defendant, and that by virtue thereof defendant was operating the water works of the town of Cicero on the date of the fire, and failed to perform its contract as to keeping and maintaining at all times the prescribed pressure of water, and that by means thereof plaintiff's building and the contents thereof were destroyed.

Defendant filed the general issue to the amended declaration and the cause went to trial on these pleadings. The trial court sustained defendant's objections to the various franchises and contracts and the deed transferring the same to defendant, and plaintiff's offer of proof of the above facts, and excluded the proffered evidence and directed a verdict for defendant.

On the main question presented by the record plaintiff in error states his position in his brief thus:

"That this is a case of the violation of public duties created by public laws and franchises and evidenced by the ordinances and contracts offered—a case of *negligence*. That the appellee has undertaken duties otherwise entrusted to officers and employees of a municipality; that such officers and employees are liable to the individual who has been injured by their negligence. That a corporation occupying their place and likewise receiving pay and compensation, cannot be absolved from the duties and obligations imposed upon the officers and agents of the municipality."

This is an action of assumpsit based upon a contract, and not a tort action for negligence. The præcipe, summons and narr first filed are in assumpsit. No change in the form of action was ordered. The additional count sets up contracts and alleges a breach of them by defendant. We find, therefore, no basis in

the record for the contention that this is an action of tort for negligence.

The fundamental question then is: Does an action in contract in favor of plaintiff arise upon the averments of the declaration and the evidence offered by plaintiff and excluded by the court?

Looking to the declaration as abstracted for the contract or contracts set up therein and the assignment of a breach thereof, we find set up an ordinance of the town of Cicero adopted on November 12, 1887, authorizing the Cicero Water, Gas and Electric Light Company to construct, maintain and operate water works, gas works and electric light works for the purpose of supplying to the inhabitants of the town water, gas and electric light and defining the rights, privileges and powers of the company, and the acceptance of the ordinance by the company. We find nothing in the ordinance by way of special provisions bearing upon the question here involved, and nothing of that nature is pointed out to us in the brief of plaintiff in error. The declaration also sets up a contract between the town of Cicero and the same company, dated June 25, 1888. In this contract the above mentioned ordinance is referred to and certain clauses of it are recited. The contract then provides *inter alia* for the compensation to be paid by the town to the company for steam fire hydrants thereafter to be put in by the company, and clause 4 thereof contains the provision quoted above as to the pressure of water on the water pipes. The declaration then sets up a contract dated May 25, 1889, between the same parties, which refers to the above mentioned ordinance and contract, and provides for the extension of a main from Central avenue to Forty-eighth street and the manner in which it shall be laid, and that in connection with all pipes thereafter to be laid certain described fire hydrants shall be put in all street intersections and in all blocks over 600 feet in length, and the compensation to be paid by the town to

the company therefor.    The contract repeats the provision above quoted as to the pressure of water to be maintained on the pipes.    The only breach of any of the provisions of the ordinance and contracts assigned in the declaration is the failure of defendant in error to maintain or furnish the pressure of forty pounds per square inch as provided in the ordinance and contracts. The right then of plaintiff in error to recover, in an action in contract, on the evidence offered for this alleged breach of the contract is the precise question presented by the record.

The question whether the evidence offered and excluded was admissible under the common counts may be dismissed, we think, without argument.    The claim of plaintiff in error is that defendant in error respond in damages for failure to keep an express promise to do something other than the payment of money.    For this and for other reasons it is too clear for argument or the citation of authorities that the evidence excluded was not admissible under the common counts.

Coming now to the main question presented by the special count and the evidence, we find on an examination of the ordinance and contracts that they contain no provisions which create such a privity of relation between plaintiff and defendant as will authorize a suit by the former against the latter to recover damages for a breach of the contract.    There is nothing in the contract formed by the ordinance and contracts which either directly or by necessary inference identifies or designates plaintiff as the party to be benefited thereby.    Peck v. Sterling Water Co., 118 Ill. App. 533; City of Galena v. Galena Water Co., 132 Ill. App. 332; Rodhouse v. C. & A. Ry. Co., 219 Ill. 596.    Apart from any question of the non-fulfillment of a condition precedent, such as the giving of notice of the fire, or that notice thereof ever came to defendant, or such facts existed as would make it negligence on the part of defendant    not    to    take    notice    of    the    existence

of the fire, plaintiff can predicate no right to recover, we think, upon the promises or contracts to furnish a certain amount of water pressure offered in evidence, for the reasons given and upon the authorities cited in the cases above referred to. Plaintiff in error is here attempting to recover on a contract to which he is not a party. A person not a party to a contract cannot sue upon it, unless he comes within certain well defined exceptions. Harriman on Contracts, 2nd ed. 210; Pollock on Contracts, 2nd ed. pp. 201; 7th ed. pp. 211-213; Exchange Bank v. Rice, 107 Mass. 37; Borden v. Boardman, 157 Mass. 410; Warren v. Batchelder, 15 N. H. 129; Wheeler v. Stewart, 94 Mich. 445. There are only two exceptions to the rule—the doctrine of Lawrence v. Fox, 20 N. Y. 268, and the sole beneficiary theory, and appellant's case does not fall within either exception. Rodhouse v. C. & A. Ry. Co., *supra.*

There are courts which have expressed views contrary to those stated in the above cases. We do not deem it necessary to undertake the labor of discriminating the cases holding contrary views on the liability question, but content ourselves by referring to the clear and able note to Mugge v. Tampa Waterworks Co., 6 L. R. A. (N. S.) 1171, where that work is so well done that little can be said in addition thereto or by way of supplement.

In our opinion the court did not err in excluding the evidence and directing a verdict for appellee.

The judgment is affirmed.

*Affirmed.*