RUTH PRINDLE ET ALS. vs. THE SHARON WATER COMPANY.

First Judicial District, Hartford, May Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A contract is enforcible by one who is not a party to it when it is made for his direct and exclusive benefit.

In providing water for the extinguishment of fires, a municipal corporation acts in a governmental capacity and is not liable for failure or neglect to furnish an adequate supply.

The mere fact that a private water company is organized to furnish water to the inhabitants of a community with which to extinguish their fires, does not, of itself, create a duty so to do as between the company and an individual inhabitant.

In making a contract for the benefit of its citizens, a municipal corporation acts for them collectively and in their corporate capacity, so that no one of them can be said to be in such privity with the municipality that he may recover damages for breach of the contract on the ground that it was made for his direct and exclusive benefit.

In the present case, the defendant water company contracted with the Sharon Fire District to "maintain in good working order twenty-four fire hydrants" within the limits of the district and at all times to "furnish at such hydrants water service for fire and testing purposes." By reason of the defendant's breach of this contract, the property of P and his wife, inhabitants of the district, was damaged by fire. *Held* that the Ps had no cause of action *ex contractu* against the defendant, nor, by the same token, could they recover *ex delicto,* since the real substance of a right of action in tort would rest upon the contract.

Prindle v. Sharon Water Co.

The case of *Baurer* v. *Devenis*, 99 Conn. 203, explained and distinguished.

Argued May 4th—decided October 18th, 1926.

ACTION to recover damages for the failure of the defendant to furnish an adequate supply of water to extinguish a fire in a certain building owned by the plaintiffs Prindle, brought to the Superior Court in Litchfield County where, by stipulation of the parties, the defendant's motion to drop the plaintiffs Prindle as parties to the action was granted, its demurrer to the complaint was sustained *pro forma*, and judgment rendered (*Ells, J.*) for the defendant, from which the plaintiffs appealed. *No error.*

The complaint alleges these facts: The defendant is a corporation specially chartered by the State of Connecticut for the purpose of supplying the Village of Sharon and its immediate vicinity with an abundant supply of pure water for public, private and domestic use. The defendant accepted the charter and undertook the duties thereby imposed. The Sharon Fire District is a municipal corporation chartered in this State and located in the Town of Sharon. Its purpose is the protection of the property of its members from fire. It owns no substantial property other than fire apparatus. The plaintiffs Ruth Prindle and Charles M. Prindle are residents and taxpayers in the Sharon Fire District, and are the owners of certain real and personal property therein. In May, 1915, the other plaintiff, the Sharon Fire District, for the benefit of its residents, taxpayers, property owners and members, and for the protection of the property of the plaintiffs and of other property situated in the district, entered into a contract with the defendant, in which the defendant, as the party of the first part, agreed that it "will maintain in good working order twenty-four fire

hydrants in the limits of the Sharon Fire District and will at all times furnish at such hydrants water service for fire and testing purposes," and in which the defendant agreed to do various acts to facilitate the performance of such service in relation to the hydrants and the flow of water in the mains, and the Sharon Fire District agreed to pay the defendant an annual payment for fire service of $400.

The charter of such district provides that the Sharon Fire District shall have full power and authority to organize and continue, within its limits, such number of fire companies, hook and ladder, and hose companies as it shall deem needful; and the fire district had hose and a pumper with which to extinguish fires.

On January 25th, 1925, the defendant failed to perform its obligations under its contract, and failed to furnish water service for fire purposes, and failed to do certain acts provided for in the contract; by reason thereof the Prindles' building and contents were consumed by fire and much damage was caused by the defendant's breach of such contract.

The defendant moved that the Prindles be dropped as plaintiffs because not in privity of contract with either party to the contract, and hence improperly joined as plaintiffs. The defendant also demurred to the two counts in the complaint because, under the allegations of the complaint, the defendant owed no duty to the Prindles to carry out the contract, Exhibit A, and hence, also; no negligence could arise as to them for failure to carry out such contract.

There is no allegation or claim of damage to any property of the Sharon Fire District.

There is a general claim of $15,000 damages.

*Lawrence A. Howard,* with whom, on the brief, were *Edward W. Broder* and *John F. Brady,* for the appellants (plaintiffs).

*Arthur L. Shipman* and *Howard F. Landon*, for the appellee (defendant).

CURTIS, J.   Under the pleadings the first question which naturally presents itself for decision is whether the court correctly sustained the motion of the defendant that the Prindles be dropped as plaintiffs, because they have, under the allegations of the complaint, no cause of action against the defendant, and hence were improperly joined with the Sharon Fire District.   The demurrer to the complaint raises the same question as to the Prindles, and also raises the question whether the Sharon Fire District has a cause of action under the allegations of the complaint.   There is no allegation of any injury to any property of the fire district, and the case has been argued solely upon the claim that the Prindles, inhabitants of the district, have a cause of action.   Under the claims made, we assume that no claim for damages on behalf of the fire district is made.

We turn to the claims made in behalf of the Prindles.   In the case of *Nickerson* v. *Bridgeport Hydraulic Co.* (1878) 46 Conn. 24, a state of facts substantially like the facts in the case at bar was presented to us, and the same questions of law arose for decision.   There was a contract between the city and the Hydraulic Company similar to the contract here involved, and we held that the plaintiffs, inhabitants of the city, were not in privity with the city in that contract, and hence had no cause of action *ex contractu* or *ex delicto* against the Hydraulic Company for breach of such contract and for failure to supply the hydrants of the city with water, by reason of which neglect the plaintiffs' property was destroyed by fire.   It is now urged that the case of *Baurer* v. *Devenis* (1923) 99 Conn. 203, 121 Atl. 566, has extended the right of a

third party beneficiary to sue, and that the plaintiffs in the case at bar are in privity with the Sharon Fire District in its contract with the defendant as third party beneficiaries, and can maintain this action either *ex contractu* or *ex delicto* against the defendant, and hence were properly joined with the fire district as plaintiffs in an action primarily based on the contract, and that the motion was improperly granted and the demurrer improperly sustained.

In *Nickerson* v. *Bridgeport Hydraulic Co., supra,* it was alleged in the complaint that the Hydraulic Company was chartered and organized to supply the inhabitants of Bridgeport with water, and contracted with the city to supply the city hydrants with water, and by their neglect to do so the fire department of the city was not able to extinguish a fire occurring in the city; we held that under such allegations the plaintiff inhabitants had no cause of action against the Hydraulic Company, and we say (p. 27): "It is true the count states that the defendants are a corporation, organized to supply the inhabitants of Bridgeport with water to extinguish their fires. But does this create an obligation to supply the water without anything more? A corporation is organized to manufacture woolen goods and sell them in the market. Does this create an obligation to manufacture the goods, and supply them to A, whether he pays anything for them or not? It is not alleged in the count that the plaintiffs ever paid anything, or even promised to pay anything to the defendants for a supply of water to extinguish their fires." The court thus conclusively demonstrated that the mere fact of the organization of the defendant as a corporation to supply the inhabitants of Bridgeport with water to extinguish their fires did not create any obligation upon it to do so upon which a cause of action for failure or neglect to do so could

be based, and intimates that some contract or agreement to do so must be alleged.

The plaintiffs then sought to establish such a contract, by alleging a contract between the city and the Hydraulic Company; and as to this claim, among other things, we say (pp. 29, 30): "We think it is clear that there was no contract relation between the defendants and the plaintiffs, and consequently no duty which can be the basis of a legal claim." This was a holding that the plaintiff inhabitants and the city were not in privity in the contract between the city and the Hydraulic Company. We also say: "The city owed a public duty to the plaintiffs to extinguish their fire. The hydrants were not supplied with water, and so the city was unable to perform its duty."

In *German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220, 33 Sup. Ct. 32, this subject was considered, and the court in its opinion, page 227, said: "But the city was under no legal obligation to furnish the water; and if it voluntarily undertook to do more than the law required, it did not thereby subject itself to a new or greater liability. It acted in a governmental capacity, and was no more responsible for failure in that respect than it would have been for failure to furnish adequate police protection. If the common law did not impose such duty upon a public corporation, neither did it require private companies to furnish fire protection to property reached by their pipes. And there could, of course, be no liability for the breach of a common law, statutory or charter duty which did not exist."

We shall now consider the question whether the citizens of the Sharon Fire District are in privity with the district in its contract with the Sharon Water Company. In the case of *Baurer* v. *Devenis, supra,* we may properly be held to have brought our law into

Prindle *v.* Sharon Water Co.

harmony with the law as now generally established, to the effect "that a person for whose direct and exclusive benefit an express promise is made in a valid contract between others may maintain an action upon it in his own name."

The question now before us arose in an almost identical situation, and was dealt with in *Howsmon* v. *Trenton Water Co.,* 119 Mo. 304, 24 S. W. 784. That court in its opinion (p. 308) spoke as to the rights of a claimed third party beneficiary as follows: "The rule is not so far extended as to give to a third person, who is only indirectly and incidentally benefited by the contract, a right to sue upon it." In dealing with the claim of an inhabitant of Trenton that he is in privity with the city in its contract with the water company, in which the water company agreed to be liable for damages caused by its failure to supply water sufficient to extinguish all fires, the court held that a citizen, although he paid a special tax to the water company under the contract, had no cause of action thereon against the water company. The court specifically outlined six distinct reasons for denying the rights of a third party beneficiary to an inhabitant of the city under such a contract of the city with a water company; among these reasons are the following: *"Second.* A municipal corporation in making contracts for the benefit of its citizens acts for them collectively, and for all of them in every act, and the relation of privity is not, and cannot be introduced into such contracts, by reason of taxpaying, or the discharge of any civil duty by any individual citizen. *Third.* The benefit to be conferred upon the individual citizen by the contract is incidental to the contract, the primary object of which is the benefit of all the citizens in their corporate capacity."

These reasons are in conformity with our opinion

in *Baurer* v. *Devenis,* 99 Conn. 203, 121 Atl. 566, although that case was not particularly concerned with the question here involved, as to whether an inhabitant of a municipality was in privity with the municipality in the making of such a contract.

The questions involved in the instant case arose in the United States District, Circuit, and Supreme courts, in the case of the *German Alliance Ins. Co.* v. *Home Water Supply Co.* See 226 U. S. 220 and 174 Fed. 764. From the opening statement in the opinion in 226 U. S. 220, and from a reading of the case of *Burgess* v. *Seligman,* 107 U. S. 20, 2 Sup. Ct. 10, it appears clearly that the United States Supreme Court dealt with the questions raised as matters of general law.

The United States Supreme Court in the former case had before it substantially the questions presented to us in the case at bar. In dealing with the question of privity of contract in an inhabitant of a municipality in a like contract of the municipality with a water company, the court considered the matter of privity at length on pages 228 and 233 inclusive of the opinion; from the opinion a few excerpts may well be included here; on page 228 *et seq.,* the court says: "Although for nearly a century it has been common for private corporations to supply cities with water under this sort of agreement, we find no record of a suit like this prior to 1878, when the Supreme Court of Connecticut, in a brief decision (*Nickerson* v. *Hydraulic Co.,* 46 Conn. 24), held that the property owner was a stranger to the agreement with the municipality, and, therefore, could not maintain an action against the company for a breach of its contract with the city. Since that time similar suits, some in tort and some for a breach of the contract, have been brought in many other States. In view of the importance of the

Prindle *v.* Sharon Water Co.

question, the subject has been examined and re-examined, the contract subjected to the most critical analysis and many elaborate opinions have been rendered. They are cited in 3 Dillon on Municipal Corporations [5th Ed.] § 1340, and in *Ancrum* v. *Water Co.*, 82 S. Car. 284 [64 S. E. 161]. From them it appears that the majority of American courts hold that the taxpayer has no direct interest in such agreements and, therefore, cannot sue *ex contractu.* Neither can he sue in tort, because, in the absence of a contract obligation to him, the water company owes him no duty for the breach of which he can maintain an action *ex delicto.* . . . In many jurisdictions a third person may now sue for the breach of a contract made for his benefit. The rule as to when this can be done varies in the different States. In some he must be the sole beneficiary. In others it must appear that one of the parties owed him a debt or duty, creating the privity, necessary to enable him to hold the promisor liable. Others make further conditions. But even where the right is most liberally granted it is recognized as an exception to the general principle, which proceeds on the legal and natural presumption, that a contract is only intended for the benefit of those who made it." And further, on page 231: "This agreement, . . . like other municipal contracts, was made by Spartanburg in its corporate capacity, for its corporate advantage, and for the benefit of the inhabitants collectively. The interest which each taxpayer had therein was indirect—that incidental benefit only which every citizen has in the performance of every other contract made by and with the government under which he lives, but for the breach of which he has no private right of action." The court further said, page 232: "In some States it is held that, in the absence of a statute, a city can neither directly

nor indirectly make a contract with a water company that the latter should pay private individuals for fire damage, since that would involve the use of public money to secure a private benefit to the owner of private property. *Hone* v. *Water Co.,* 104 Me. 217 [71 Atl. 769]."

The different conclusions reached in three States— *Paducah Lumber Co.* v. *Paducah Water Supply Co.,* 89 Ky. 340, 12 S. W. 554, 13 id. 249; *Gorrell* v. *Greensboro Water Supply Co.,* 124 N. C. 328, 32 S. E. 720, and *Mugge* v. *Tampa Water Works Co.,* 52 Fla. 371, 42 So. 81—were before the court, but were not deemed correct rulings on the points involved. For further criticism of these cases see *Mott* v. *Cherryvale Water & Mfg. Co.,* 48 Kan. 12, and note on *Mugge* v. *Tampa Water Works Co.* (52 Fla. 371, 42 So. 81) in 6 L. R. A. (N. S.) 1171.

Because of our own decision in *Nickerson* v. *Hydraulic Co., supra,* and the holding in *Howsmon* v. *Trenton Water Co., supra,* and also in *German Alliance Ins. Co.* v. *Home Water Supply Co., supra,* and the law as set forth in Williston on Contracts, Vol. 1, §§ 372a, 373, 374, we are satisfied that the plaintiffs were not in privity with the Sharon Fire District in its contract with the defendant, and hence had no cause of action against the defendant.

In *German Alliance Ins. Co.* v. *Home Water Supply Co.,* 226 U. S. 220, 33 Sup. Ct. 32, other important rulings were made in relation to the interesting questions arising in cases of this nature. It was held that a contract between a public service corporation and the municipality should not be unduly extended so as to introduce new parties and new rights, and subject those contracting to suits by a multitude of persons for damages for causes which could not in the nature of things have been in the contemplation of the

Prindle *v.* Sharon Water Co.

parties. It was there pointed out that while the complaint contained numerous charges of culpable neglect of duty on the part of the defendant, the action—whether regarded as *ex contractu* or *ex delicto*—was in reality one for the breach of the contract to supply water. So here, while the second count of the complaint alleges that the defendant negligently performed or failed to perform certain acts, the real burden of the count is that it did not perform its duty under the contract to furnish an adequate supply of water. The cases we have referred to establish that, for that failure, an action does not lie *ex delicto* any more than it does *ex contractu.*

The conclusion that a property owner has no claim against a water supply company for failure to conform to the contract, does not deprive him of any right, for had the municipality been guilty of the same acts no suit could be maintained.

The defendant in its brief cites forty-one cases holding in conformity with our case of *Nickerson* v. *Bridgeport Hydraulic Co., supra.* This list might have been indefinitely extended, and so overwhelming is the weight of authority and supported as it is by the case of *German Alliance Ins. Co.* v. *Home Water Supply Co., supra,* decided in 1912, we do not feel justified in extending the discussion further. The principle determined in *Baurer* v. *Devenis, supra,* has no application to the present case, which is controlled by the principle of governmental immunity.

There is no error.

In this opinion the other judges concurred.