## Consolidated Biscuit Company, Appellant, v. Illinois Iowa Power Company, Appellee.

Heard in this court at the May term, 1939. Opinion filed November 29, 1939. Rehearing denied January 11, 1940.

CLAUSEN, HIRSH & MILLER and BROWN, FOX & BLUMBERG, all of Chicago, and CURTIS WILLIAMS, of Mt. Vernon, for appellant.

GILBERT & GILBERT, of Mt. Vernon, and HAMILTON, BLACK & KLATT, of Peoria, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This suit is predicated upon three counts of an original complaint and five counts of an amended complaint, filed by appellant, in the circuit court of Jefferson county. By the suit generally, the plaintiff in the lower court sought to recover damages in the sum of $400,000, arising out of the alleged failure of the defendant to furnish water for use in extinguishing a fire which occurred at plaintiff's plant in the city of Mt. Vernon, on January 30, 1937.

The three counts of the original complaint charge in substance, that the plaintiff was engaged in the baking business in the city of Mt. Vernon, its property consisting of a four-story structure of concrete and brick and a two-story, frame warehouse building, and that the defendant was at the time complained of, doing

business as a public utility company in the city of Mt. Vernon; that on September 1, 1902, the city of Mt. Vernon passed an ordinance known as Ordinance No. 234, providing for a waterworks supply for the said city, which ordinance was made a part of the complaint, and which ordinance required certain standards of water pressure on the part of the defendant, as assignee of Herbert R. Kingman; that certain water hydrants mentioned therein, and rented by the city were located near the property of the plaintiff; that the defendant had impliedly agreed to furnish water to plaintiff's building, in compliance with the standards of the said ordinance; that a fire occurred at the plaintiff's property on January 30, 1937 and that as a direct result of the defendant's alleged failure to furnish sufficient water pressure, plaintiff's property was destroyed.

Count one of the amended complaint proceeds upon the theory that there was an implied contract whereby defendant was to furnish water continuously to the plaintiff at a specified pressure, and that by reason of the defendant's breach of this contract, plaintiff was damaged. Count two is predicated upon the theory that there was a legal duty, aside from the contract, on the part of defendant to furnish water at specified pressure to plaintiff's private hydrants and water facilities and that defendant's failure in this regard constituted a tort against the plaintiff. Count three proceeds upon the theory that there was an implied contract in force between plaintiff and defendant whereby defendant agreed to furnish plaintiff water continuously for its private fire hydrants in amounts reasonably adequate for fighting fire, and plaintiff was damaged by reason of defendant's failure to fulfill this contract. Count four is based on the theory that there was a legal duty upon the defendant to furnish plaintiff water, adequate to combat a fire and its failure to do so constituted a tort. Count five is predicated upon

the theory that the defendant, in failing to furnish water, as required, violated section 32 of chapter 111⅔ of the Public Utility Act [Jones Ill. Stats. Ann. 112.051], which, it is claimed, would constitute prima facie evidence of negligence, and that such conduct constituted a tort. Motion to dismiss all of these counts was allowed by the trial court, and the errors relied upon for reversal are the action of the lower court in sustaining such motion and entering judgment for the defendant.

Counts 1, 2 and 3 of the original complaint and 1 and 3 of the amended complaint, constitute a claim *ex contractu* and counts 2, 4 and 5 of the amended complaint are *ex delicto*. Broadly then, there are two theories upon which plaintiff seeks to fix liability upon the defendant, one sounding in contract and the other in tort.

Appellant, in contending that there is a liability based upon contract, relies primarily upon Ordinance 234, providing for the extension, operation and maintenance of a water supply for the city of Mt. Vernon, which ordinance constitutes a contract between the city of Mt. Vernon and the defendant as the assignee of Herbert R. Kingman. There is no allegation of any express contract between plaintiff and defendant. Plaintiff contends that said ordinance was a contract between defendant and the said city of Mt. Vernon, which said contract was made for the benefit of the inhabitants and property owners of the said city of Mt. Vernon, including the plaintiff; that by reason of defendant's breach of this contract, the plaintiff, as a beneficiary thereof, may recover against the defendant; that the ordinance, and the long continued use of the water facilities furnished by the defendant to the plaintiff, created an implied contract whereby defendant agreed to furnish continuously to plaintiff water to its private fire hydrants in amounts reasonably adequate for fighting fire.

By the great weight of authority in this country, where a city contracts with a private party or corporation to operate waterworks for the purpose of furnishing water to the city and its citizens, a property owner cannot hold the city or water company liable for loss by fire, occasioned by the failure of the water company to furnish an adequate supply of water for fire protection. (This question has been before the highest judicial tribunals of a large number of other States in this country and in all of them, except three, Kentucky, North Carolina and Florida, the rule above stated has been adhered to, with which rule we concur.) (*Rostad v. Chicago Suburban Water & Light Co.*, 163 Ill. App. 63; *Peck v. Sterling Water Co.*, 118 Ill. App. 533; *City of Galena v. Galena Water Co.*, 132 Ill. App. 332; *Metropolitan Trust Co. v. Topeka Water Co.*, 132 Fed. 702; *Moch v. Rensselaer Water Co.*, 247 N. Y. 160, 159 N. E. 896; *Trustees of Jennie DePauw Memorial M. E. Church v. New Albany Waterworks*, 193 Ind. 368, 140 N. E. 540, 27 A. L. R. 1274; *Hone v. Presque Isle Water Co.*, 104 Maine 217, 71 Atl. 769; *Mills v. Moseley*, 50 Ga. App. 536, 179 S. E. 159; *German Alliance Ins. Co. v. Home Water Supply Co.*, 226 U. S. 220; *Prindle v. Sharon Water Co.*, 105 Conn. 151, 134 Atl. 807; *Atlas Finishing Co. v. Hackensack Water Co.*, 10 N. J. Misc. 1197, 163 Atl. 20; *Ellis v. Birmingham Water Works Co.*, 187 Ala. 552, 65 So. 805.)

The rulings in these cases are generally to the effect that there is no privity of contract between the water company and a citizen which will support the action, and that the contracting company cannot be charged with a greater liability than the city itself. The contract, which is the ordinance, was not enacted for the protection of any particular property or person, but was for the general benefit of all the property and persons within the municipal limits and was entered into by the city as a public agency, solely for that purpose, and in the exercise of its power to furnish such general

protection. We cannot escape the conclusion that the relation between the plaintiff and defendant assumed no obligation regarding plaintiff's property different from that assumed by it regarding all other property within the town, and that the plaintiff is without right of action. Therefore, we find that the trial court did not err in sustaining the motion to dismiss counts 1, 2 and 3 of the original complaint and counts 1 and 3 of the amended complaint which were predicated upon the theory of an implied agreement.

In support of its contention that it has a cause of action *ex delicto,* as set forth in counts 2, 4 and 5 of the amended complaint, plaintiff cites the case of *Clark v. Public Service Co.,* 278 Ill. App. 426, which seems to follow the ruling laid down in *Mullen v. Otter Tail Power Co.,* 130 Minn. 386, 153 N. W. 746, upon which case plaintiff also relies. The distinction between these two cases and the case at bar must be clearly apparent. In the *Mullen* case, the defendant owned and operated an electric light plant in the city of Morris, furnishing electric current to consumers under contract with them. The cause of action was predicated upon the allegation that defendant negligently cut the service wires that supplied electric light to plaintiff's store, plaintiff by reason of darkness, at a time when his place of business was on fire, being unable to remove and save his stock and fixtures. The evidence showed that a servant of the defendant climbed a pole near the plaintiff's premises and cut the wires that supplied plaintiff's store with electric current. He knew that the plaintiff had a stock of goods that could be saved if he had light, and the current was cut off 40 minutes before apparently there was any need to do so. In that case the Supreme Court of Minnesota, in holding that the act of the defendant by its servant was unnecessary and the trial court's finding, that it was a negligent act should be sustained, said, "The contract between the parties is not important except for the bearing it

has on the question of what the legal duty of defendant was. It is not a breach of contract that plaintiff complains of, but a tort, actionable negligence on the part of a servant of defendant in the course of the performance of his duties.''

In the *Clark* case, defendant was a public utility company engaged in the business of furnishing the inhabitants of DuPage county and other communities electric light and power; that plaintiff owned certain real estate, upon which water was pumped by means of electricity, supplied by the defendant; the plaintiff's property caught fire and after the premises had become so ignited, the defendant negligently, carelessly and improperly removed and disconnected the meters, stopping the flow of electricity and cutting off the supply of water, as a result of which there was no water available for the purpose of extinguishing the fire and plaintiff's property was destroyed. The Appellate Court held that regardless of contractual relation, the defendant owed plaintiff the duty not arbitrarily to cut off the supply of electric current going to her premises.

In both of these cases the crux is the affirmative tortious act of the defendant. The contractual relation, as is held in both cases, was immaterial. In the instant case, the failure to furnish an adequate supply of water was at most the denial of a benefit. It was not the commission of a wrong. The case of *Mills v. Moseley*, 50 Ga. App. 536, 179 S. E. 159, was one brought by property owners against the Mills Company because of the destruction by fire of plaintiff's property and because of an alleged conspiracy between the city and defendant to withhold water and cutting off of water supply from the city hydrants. The court, among other things, in denying liability, says:

''1. 'The great weight of authority is to the effect that a resident of a city cannot recover of a water-

works company damages for loss by fire occasioned by the failure of such company to furnish, in accordance with its contract with the city, a sufficient supply of water to extinguish the fire.' Holloway v. Macon Gas Light & Water Co., 132 Ga. 387, 394, 64 S. E. 330. There being no privity of contract between the resident and the company, and no public duty on the part of the company as to the resident, he has no right of action either on the express contract of the city or in tort. Nor can he recover either ex contractu or ex delicto upon the theory that an implied contract and duty by the company to the resident arises in favor of the resident from the express contract between the city and the company.''

Holding also that upon a similar state of facts there could be no liability *ex delicto* are the following cases: *Prindle v. Sharon Water Co.,* 105 Conn. 151, 134 Atl. 807; *Moch v. Rensselaer Water Co.,* 247 N. Y. 160; *German Alliance Ins. Co. v. Home Water Supply Co.,* 226 U. S. 220. This court feels that to depart from the rulings in these well considered cases would be unduly and indefinitely to extend the zone of duty on the part of a water company.

Lastly the theory of the plaintiff that a liability can be predicated against the defendant in that the failure to furnish water as required, violated the provisions of section 32 of ch. 111⅔ of the Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.051], with reference to public utilities, such violation allegedly constituting prima facie evidence of negligence, is untenable. The case of *Trustees of Jennie DePauw Memorial M. E. Church v. New Albany Waterworks,* 193 Ind. 368, 140 N. E. 540, 27 A. L. R. 1274, was one in which plaintiff sued defendant Water Company for damages for total destruction of the church building by reason of the Water Company's failure to maintain fire hydrants in condition for use. The defendant was the grantee or suc-

cessor of an ordinance which required it to supply sufficient water under pressure and also certain fire hydrants in good order and working condition. Section 7 of the Public Service Act required public utilities to furnish reasonably adequate service and facilities. In that case the Supreme Court of Indiana held that the common law rule that a public utility company, under contract to furnish a municipality with water, is not liable to a citizen for damage to his property from fire by reason of the insufficient supply of water, is not altered by a statutory requirement that public utilities furnish reasonably adequate service and facilities, since such statute is merely declaratory of the common law, and adds nothing to the former obligations of such utilities.

To the same effect are the decisions in *Krom v. Antigo Gas Co.*, 154 Wis. 528, 140 N. W. 41, 143 N. W. 163, and *Moch v. Rensselaer Water Co.*, 247 N. Y. 160.

We find nothing in the provisions of the Public Utility Act of Illinois that would tend to enlarge the liability of water companies to private individuals, as claimed in the present case. The plaintiff company had no direct interest in the agreement between defendant and the city of Mt. Vernon and therefore could not sue *ex contractu*. Neither could it sue in tort, because in the absence of a contract obligation to it, the water company owed it no duty, for the breach of which it could maintain an action *ex delicto*. In our opinion the trial court did not err in sustaining the motion to dismiss as to counts 1, 2 and 3 of the original complaint and counts 1, 2, 3, 4 and 5 of the amended complaint, and in entering judgment for the defendant. The judgment is affirmed.

*Judgment affirmed.*