[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 133
On March 31, 1994, the plaintiffs filed a revised complaint, alleging in the tenth count liability on the part of the defendant Bridgeport Hydraulic Company (Hydraulic). The action arises out of a fire which allegedly caused personal injuries to the plaintiffs and damage to their property. On May 2, 1994, Hydraulic filed a motion to CT Page 3261 strike and a supporting memorandum, claiming that no legal duty existed between Hydraulic and the plaintiffs. The plaintiffs contend that the complaint sets out cognizable tort and contract claims. The complaint alleges that the damages suffered by the plaintiffs were caused by the negligence and carelessness of Hydraulic in failing to perform its duties. They argue that Hydraulic was negligent in failing to provide water services which it contracted to supply to the hydrants.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15 (1992). There was no contractual duty between Hydraulic and people living in Bridgeport. See Nickersonv. Bridgeport Hydraulic Company, 46 Conn. 24, 29-30 (1878) (no contractual relationship existed between the water company and the public); see also Prindle v. Sharon Water Company, 105 Conn. 151 (1926). "[W]here a city contracts with a water company for water to extinguish fires, one whose buildings were burned because of lack of water cannot sue the water company for breach of the contract." 10A E. McQuillin, Municipal Corporations (3d Ed. 1990) § 29.129, p. 181. "The rule [is] that a third party cannot recover on a contract not required by public law or regulation unless it appears that the contracting parties intended to create a direct, and not an incidental or consequential, benefit to a third party. . . ." Id., 181-182; see also Stowe v. Smith,184 Conn. 194, 196 (1981).
The plaintiffs do not allege in the complaint that the contracting parties intended to create a direct benefit to the plaintiffs. Because the complaint does not allege facts sufficient to create a duty on the part of Hydraulic to the plaintiffs, the court grants the motion to strike the tenth count.
SAMUEL S. FREEDMAN, JUDGE